IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **William Wersinger**<br>607 Ilse Drive<br>Newark, Delaware 19713<br><br>**Plaintiff**<br><br>v.<br><br>**Bank of America Corporation**<br>1100 North King Street<br>Wilmington, Delaware 19884-0124<br>  Serve on: Registered Agent<br>    The Corporation Trust Co.<br>    1209 Orange Street<br>    Wilmington, DE 19801<br><br>**Defendant** | *<br>*<br>*<br>*<br>*<br>*<br>*  Civil Action Number: _____<br>*<br>*<br>*<br>*  **Request for Jury Trial**<br>*<br>*<br>*<br>*<br>*<br>* |

*********************************************************************

## COMPLAINT

Plaintiff William Wersinger, by his attorneys, files this Complaint against Defendant alleging violations of the federal Fair Labor Standards Act and Delaware state laws, and, in support thereof, states:

**PRELIMINARY STATEMENT**

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and the Fair Labor Standards Act of 1938 (hereinafter the "FLSA"), Plaintiff institutes this Class Action and Collective Action for actual damages, liquidated damages, statutory penalties, attorneys' fees and the costs of this action against Defendant for multiple violations of the FLSA (29 U.S.C. §207 and 29 U.S.C. §216, 29 CFR 785.19(a)) and multiple violations of the Delaware Code.

2. Plaintiff will request that the Court provide notice of this Class Action regarding

Delaware state wage violations to all possible Class members.

3. Plaintiff will request the Court to authorize concurrent notice to all such persons informing them of the pendency of this Class Action and their right to opt into the Collective Action pursuant to the FLSA, 29 U.S.C. §216(b) and to seek all relief and remedies available for them under federal law.

4. Plaintiff and all others similarly situated who may opt-in pursuant to the FLSA, 29 U.S.C. §216(b), seek liquidated damages, attorney fees and costs.

**THE PARTIES**

5. The Plaintiff William Wersinger ("Plaintiff") is an adult and a legal resident of the State of Delaware.

6. Plaintiff is an "employee" of the Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e) and the Delaware Wage Payment and Collection Law, 19 Del. C. § 1101 (a)(3).

7. The Defendant Bank of America ["Defendant"] is a for-profit, publicly traded company doing business in Delaware.

8. The Defendant is an employer within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d) and the Delaware Wage Payment and Collection Law, 19 Del. C. § 1101(a)(4).

9. Defendant operates financial institutions worldwide.

10. Defendant is engaged in interstate commerce by the nature of its business.

11. Defendant is engaged in interstate commerce, and Plaintiff can satisfy all requirements for maintaining claims under the Fair Labor Standards Act.

12. Defendant is an enterprise as set forth in the Fair Labor Standards Act, 29 U.S.C. § 207.

13. Plaintiff and Class and Collective Action members are/were paralegals and/or legal support staff for the Defendant and/or were employees whom had to work in a non-exempt customer service position outside of normal business hours and were not paid for such work.

14. The Class may expand depending upon further investigation.

15. Defendant is subject to the terms of the FLSA, by the nature of its business and the amount of its business.

**COLLECTIVE ACTION ALLEGATIONS**

16. This action is concurrently maintainable as a Collective Action pursuant to 29 U.S.C. §216(b) as to claims for owed overtime wages and owed wages, liquidated damages, attorneys' fees and costs under the FLSA.

17. In addition to Plaintiff, there are numerous other current and former employees of the Defendant whom are similarly situated to Plaintiff in that they too have been subjected to the unlawful pay polices and practices of the Defendant.

18. These similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's records.

19. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. §216(b) for the purpose of adjudicating their claims for liquidated damages, attorneys' fees and costs under FLSA.

20. For a period of at least three years prior to the filing of this action and continuing to the present, Defendant has had a consistent policy of failing to pay overtime for all work over forty hours per workweek, and failing to compensate for all hours worked.

**CLASS ACTION ALLEGATIONS**

21. This Class Action is intended to cease numerous lucrative but unlawful practices by Defendant and recover wages owed to employees from Defendant. The causes of action arise out of Defendant's policies and practices of not paying for all hours worked. Defendant systematically and routinely deprived its employees of their right to receive pay for all hours worked.

22. Plaintiff believes and thereon alleges that during the period beginning one year before the filing of this Complaint and continuing through the time of judgment herein (the "relevant time period" or the "Class Period"), Defendant has deprived dozens of employees of their right to receive pay for all hours worked.

23. This action is brought on behalf of all persons who are employed or have been employed by Defendant since one year prior to the filing of this action and who has not received pay for all hours worked.

**Numerosity**

24. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.

25. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges Defendant's employment records will provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**Commonality**

26. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law

4

and fact include, without limitation:

    i. whether Defendant failed to pay wages as required by the Delaware Wage Payment and Collection Law for all hours worked;

    ii. whether Defendant violated the Delaware Employment Practices Laws, 19 Del. C. §707(a), concerning meal breaks;

    iii. whether Defendant is required to pay penalty damages under state law; and

    iv. whether Defendant has any defense to the asserted claims.

**Typicality**

27. The claims of the named Plaintiff are typical of the claims of the class.

28. Plaintiff and all members of the class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of laws, regulations that have the force and effect of law and statutes as alleged herein.

**Adequacy of Representation**

29. Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Plaintiff's counsel is competent and experienced in litigating wage-hour class actions.

**Superiority of Class Action**

30. This Class Action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.

31. Each member of the class has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or practice of denying class members pay for all hours

5

worked.

32. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

### THE OWED WAGES & OVERTIME WAGES

33. As stated, the Defendant is an employer subject to the provisions of the Fair Labor Standards Act and the Delaware Wage Payment and Collection Law.

34. Plaintiff worked as a paralegal for Defendant and its predecessor entity from November 1989 until November 2006.

35. In January 2006, Defendant acquired MBNA America Bank, N.A., the predecessor entity that Plaintiff worked for from November 1989 until the Defendant acquired it.

36. Defendant is liable for any and all wage-hour violations of its corporate predecessor.

37. Plaintiff was employed for Defendant in a non-exempt position from November 1989 until November 2006 with Defendant, as the term "non-exempt" is interpreted under the FLSA.

38. Plaintiff did not exercise independent judgment or discretion in connection with his work with Defendant during the relevant time period.

39. Plaintiff did not hire, fire, discipline or have any involvement in setting the terms and conditions of employment for any other employees during the relevant time period.

40. During the relevant time period, Plaintiff regularly worked in excess of 40 hours a week for which he was not paid the required time and a half pay for hours worked over 40 hours.

41. During the relevant time period, Plaintiff was required to work at least 40 hours per week.

42. On most days, Plaintiff performed substantial work duties on behalf of and for the benefit of Defendant during his meal periods.

43. Plaintiff was never compensated for the work performed during his meal periods.

44. Plaintiff was required to work at least six hours per month performing non-exempt work in the customer service area  However, Plaintiff was never compensated for his time performing this required work.

45. Numerous other employees had to work in non-exempt positions other than their regular position and were not paid for it just like Plaintiff.

46. Further, Plaintiff was not properly compensated at the lawful overtime rate for the hours he worked in addition to the mandatory six hours in the customer service department.

47. Plaintiff was not properly compensated and not compensated for all hours worked for required work performed during at least one mandatory off-site Company sponsored event.

48. In September 2006, Defendant informed Plaintiff that he would be paid on an hourly basis with overtime pay if he worked more than 40 hours in a workweek. From September 2006 until Plaintiff no longer held the position of paralegal, Defendant paid Plaintiff on an hourly basis.

49. Defendant's violations of federal and state wage-hour laws were willful and accomplished with Defendant's knowledge that its actions violate the law. There is no dispute that the Plaintiff is owed wages and overtime wages from the Defendant.

50. Defendant has long engaged in this unlawful course of conduct against its numerous employees. The same unlawful practices have caused similarly situated employees not to be paid overtime compensation and pay for all hours worked. Hence, these similarly situated employees are owed compensation just like the Plaintiff.

51. Defendant's unlawful pay practices adversely affected numerous other employees besides Plaintiff.

52. Defendant's violations that have harmed other employees also were willful and accomplished with Defendant's knowledge that its conduct was unlawful.

53. Defendant's violations that have harmed other employees also were willful and accomplished with Defendant's knowledge that its conduct was unlawful.

**JURISDICTION & VENUE**

54. This Court has jurisdiction over this case because of federal court subject matter jurisdiction.

55. Venue is proper because the acts giving rising to this matter occurred in this District.

## **LEGAL CLAIMS**

### **COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, OVERTIME**

56. All allegations of this Complaint are incorporated fully in this Count.

57. Defendant violated the Fair Labor Standards Act by not paying Plaintiff the required overtime wages.

58. Defendant's violations of the Fair Labor Standards Act were willful violations of the Act.

59. This Count is asserted as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of and to protect the rights of all similarly situated employees of Defendant for the three years preceding the filing of this Complaint.

60. Relief requested – Plaintiff requests that: (a) Defendant be ordered to pay Plaintiff and members of the collective action for owed overtime; (b) liquidated damages be assessed against the Defendant; (c) Plaintiff and members of the collective action be awarded pre- and post-judgment interest; (d) this action be designated as a collective action for all similarly situated employees to opt-in and for the required notice to be issued to the current and former employees; and (e) Plaintiff and members of the collective action be awarded their attorney fees and costs.

## COUNT II – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, FAILURE TO PAY FOR ALL HOURS WORKED

61. All allegations of the Complaint are expressly incorporated herein.

62. Defendant violated the FLSA by not paying Plaintiff for all hours worked.

63. Plaintiff and Class members were not compensated for compensable work performed during their meal periods, mandatory work performed in other departments of Defendant, and work performed at mandatory off-site company sponsored events.

64. Defendant's FLSA violations were willful and affected and harmed numerous other employees.

65. Relief requested: Plaintiff requests that: (a) this Count be allowed to proceed as a collective action and for the required notice to be issued to current and former employees, (b) he and members of the action be awarded the owed wages, (c) he and

members of the collective action be awarded penalty/liquidated damages, (d) he and members of the collective action be awarded attorney fees and costs, and (e) he and members of the collective action be awarded pre- and post-judgment interest.

### COUNT III – DELAWARE CLAIM FOR PAY FOR ALL HOURS WORKED

66. All allegations of the Complaint are expressly incorporated herein.

67. Defendants violated the Delaware law, 19 Del. C. § 1102 by not paying Plaintiff and members of the Class for all hours worked.

68. Plaintiff and Class members were not compensated for compensable work performed during their meal periods, mandatory work performed in other departments of Defendant, and work performed at mandatory off-site company sponsored events.

69. Defendant's unlawful actions in refusing to pay Plaintiff and Class members for all hours worked were willful.

70. Relief requested: Plaintiff requests that this Count be allowed to proceed as a class action, and he and members of the action be awarded the owed wages, liquidated damages, attorney fees, costs, and pre- and post-judgment interest.

### COUNT IV – VIOLATION OF DELAWARE EMPLOYMENT PRACTICES LAWS

71. All allegations of this Complaint are incorporated fully in this Count.

72. Delaware state law provides that "an employer must allow an employee an unpaid meal break of at least 30 consecutive minutes, if the employee works 7 ½ or more consecutive hours." 19 Del. C. § 707 (a).

73. Defendant willfully violated Delaware employment laws by not providing Plaintiff and class members the required meal break.

74. <u>Relief requested:</u> Plaintiff requests that this Count be allowed to proceed as a class action, and he and members of the action be awarded, for each separate statutory violation, the maximum civil penalty allowed under 19 Del. C. § 707 (a), and attorney fees and costs.

*[signature]*
Donald L. Gouge, Jr. (DE #2234)
800 N. King Street, Suite 303
Wilmington, DE 19801
(302) 658-1800x2
Attorney for plaintiff

*[signature]*
Stephen B. Lebau
Anna Jefferson
LEBAU & NEUWORTH, LLC
606 Baltimore Avenue – Suite 201
Baltimore, Maryland 21204
tel. 410.296.3030
fax. 410.296.8660

## REQUEST FOR JURY TRIAL

Plaintiff requests that a jury of his peers hear and decide all possible claims.

*[signature]*
DONALD L. GOUGE, JR.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
William Wersinger

**(b)** County of Residence of First Listed Plaintiff  New Castle, DE
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Donald L. Gouge, Jr., Esquire
800 King St. Suite 303
Wilmington, DE 19801    302-658-1800

**DEFENDANTS**

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 207, § 216    29 CFR 785.19(a)
Brief description of cause:
Claim for Overtime Wages

**VII. REQUESTED IN COMPLAINT:**  ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  5/15/07    SIGNATURE OF ATTORNEY OF RECORD  [signature] #2234

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-262

*FILED — CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE — 2007 MAY 15 PM 4:30*

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

MAY 15 2007
(Date forms issued)

_Donna L. Truszkowski_
(Signature of Party or their Representative)

DONNA L. TRUSZKOWSKI
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action