IN THE UNITED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM WERSINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. 07-262-GMS |
| | ) | |
| BANK OF AMERICA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION FOR LEAVE TO FILE**
**AMENDED COMPLAINT**

Plaintiff, by his undersigned attorneys, pursuant to Rule 15 of the Federal Rules of Civil

Procedure and Local Rule 15.1, respectfully files this Motion for Leave to File Amended

Complaint, and states:

**Background**

1. Plaintiff filed a Complaint alleging violations under federal and state wage-hour laws.

2. On or about June 5, 2007, Defendant filed a Motion to Dismiss and Opening Brief

   requesting that the Court dismiss Plaintiff's state law claims without prejudice, based

   on subject matter jurisdictional grounds.

3. On July 16, 2007. Plaintiff filed a Notice of Partial Dismissal, dismissing without

   prejudice the state law claims asserted in Counts III and IV of the Complaint (Dk. 8).

**The Amended Complaint**

4. Plaintiff is filing an Amended Complaint in order to strike the state law claims

   asserted in Counts III and IV of the Complaint.

5. A copy of the Amended Complaint is attached hereto as EXHIBIT 1.

6. A copy of the "marked-up" Amended Complaint is attached hereto as EXHIBIT 2.

7. By email on July 17, 2007, Plaintiff's counsel provided Defendant's counsel with a copy of the proposed Amended Complaint.

8. Via email on July 17, 2007, Defendant's counsel, Scott A. Holt, Esquire, represented that Defendant has no objection to the filing of the Amended Complaint.

9. No prejudice will result and there will be no undue delays caused by the filing of the Amended Complaint.

10. Pursuant to Fed. R. Civ. P. 15(a), leave should be freely given when justice so requires. *See Foman v. Davis*, 371 U.S. 178 (1962).

11. Plaintiff respectfully requests that this Court grant this Motion to file an Amended Complaint.

Respectfully submitted,

*/s/ Donald L. Gouge, Jr.*
Donald L. Gouge, Jr.  (I.D. No. 2234)
Heiman, Gouge & Kaufman, LLP
800 King Street
Wilmington, Delaware 19801
Telephone: (302) 658-1800
Facsimile: (302) 658-1473
Email:  dgouge@hgkde.com


*/s/Stephen B. Lebau*
Stephen B. Lebau, *Pro Hac Vice*
LEBAU & NEUWORTH, LLC
606 Baltimore Avenue – Suite 201
Baltimore, Maryland 21204
Telephone: (410) 296-3030

*Attorneys for Plaintiff*

DATED:  July 18, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

William Wersinger                    *
607 Ilse Drive                       *
Newark, Delaware 19713               *
                                     *
    Plaintiff                        *
                                     *
v.                                   *   **Civil Action Number:** 1:07-cv-262
                                     *
Bank of America Corporation          *
1100 North King Street               *
Wilmington, Delaware 19884-0124      *   **Request for Jury Trial**
    Serve on: Registered Agent       *
        The Corporation Trust Co.    *
        1209 Orange Street           *
        Wilmington, DE 19801         *
                                     *
    Defendant                        *
**********************************************************

## AMENDED COMPLAINT

Plaintiff William Wersinger, by his attorneys, files this Complaint against Defendant

alleging violations of the federal Fair Labor Standards Act and, in support thereof, states:

### PRELIMINARY STATEMENT

1. Pursuant to the Fair Labor Standards Act of 1938 (hereinafter the "FLSA"), Plaintiff

   institutes this Collective Action for actual damages, liquidated damages, statutory

   penalties, attorneys' fees and the costs of this action against Defendant for multiple

   violations of the FLSA (29 U.S.C. §207 and 29 U.S.C. §216, 29 CFR 785.19(a)).

2. Plaintiff will request the Court to authorize notice to all such persons informing them

   of the pendency of this Collective Action and their right to opt into the Collective

   Action pursuant to the FLSA, 29 U.S.C. §216(b) and to seek all relief and remedies

   available for them under federal law.

3.   Plaintiff and all others similarly situated who may opt-in pursuant to the FLSA, 29

U.S.C. §216(b), seek liquidated damages, attorney fees and costs.

**THE PARTIES**

4.   The Plaintiff William Wersinger ("Plaintiff") is an adult and a legal resident of the

State of Delaware.

5.   Plaintiff is an "employee" of the Defendant within the meaning of the Fair Labor

Standards Act, 29 U.S.C. § 203(e).

6.   The Defendant Bank of America ["Defendant"] is a for-profit, publicly traded

company doing business in Delaware.

7.   The Defendant is an employer within the meaning of the term of the Fair Labor

Standards Act, 29 U.S.C. § 203(d).

8.   Defendant operates financial institutions worldwide.

9.   Defendant is engaged in interstate commerce by the nature of its business.

10.  Defendant is engaged in interstate commerce, and Plaintiff can satisfy all

requirements for maintaining claims under the Fair Labor Standards Act.

11.  Defendant is an enterprise as set forth in the Fair Labor Standards Act, 29 U.S.C. §

207.

12.  Plaintiff and Collective Action members are/were paralegals and/or legal support staff

for the Defendant and/or were employees whom had to work in a non-exempt

customer service position outside of normal business hours and were not paid for

such work.

13.  The Class may expand depending upon further investigation.

2

14. Defendant is subject to the terms of the FLSA, by the nature of its business and the amount of its business.

**COLLECTIVE ACTION ALLEGATIONS**

15. This action is concurrently maintainable as a Collective Action pursuant to 29 U.S.C. §216(b) as to claims for owed overtime wages and owed wages, liquidated damages, attorneys' fees and costs under the FLSA.

16. In addition to Plaintiff, there are numerous other current and former employees of the Defendant whom are similarly situated to Plaintiff in that they too have been subjected to the unlawful pay polices and practices of the Defendant.

17. These similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's records.

18. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. §216(b) for the purpose of adjudicating their claims for liquidated damages, attorneys' fees and costs under FLSA.

19. For a period of at least three years prior to the filing of this action and continuing to the present, Defendant has had a consistent policy of failing to pay overtime for all work over forty hours per workweek, and failing to compensate for all hours worked.

**THE OWED WAGES & OVERTIME WAGES**

20. As stated, the Defendant is an employer subject to the provisions of the Fair Labor Standards Act.

21. Plaintiff worked as a paralegal for Defendant and its predecessor entity from November 1989 until November 2006.

3

22. In January 2006, Defendant acquired MBNA America Bank, N.A., the predecessor entity that Plaintiff worked for from November 1989 until the Defendant acquired it.

23. Defendant is liable for any and all wage-hour violations of its corporate predecessor.

24. Plaintiff was employed for Defendant in a non-exempt position from November 1989 until November 2006 with Defendant, as the term "non-exempt" is interpreted under the FLSA.

25. Plaintiff did not exercise independent judgment or discretion in connection with his work with Defendant during the relevant time period.

26. Plaintiff did not hire, fire, discipline or have any involvement in setting the terms and conditions of employment for any other employees during the relevant time period.

27. During the relevant time period, Plaintiff regularly worked in excess of 40 hours a week for which he was not paid the required time and a half pay for hours worked over 40 hours.

28. During the relevant time period, Plaintiff was required to work at least 40 hours per week.

29. On most days, Plaintiff performed substantial work duties on behalf of and for the benefit of Defendant during his meal periods.

30. Plaintiff was never compensated for the work performed during his meal periods.

31. Plaintiff was required to work at least six hours per month performing non-exempt work in the customer service area. However, Plaintiff was never compensated for his time performing this required work.

| Deleted: in the customer service department. |
| --- |

32. Numerous other employees had to work in non-exempt positions other than their regular position and were not paid for it just like Plaintiff.

| Deleted: |
| --- |

Formatted: Bullets and Numbering

33. Further, Plaintiff was not properly compensated at the lawful overtime rate for the hours he worked in addition to the mandatory six hours in the customer service department.

34. Plaintiff was not properly compensated and not compensated for all hours worked for required work performed during at least one mandatory off-site Company sponsored event.

35. In September 2006, Defendant informed Plaintiff that he would be paid on an hourly basis with overtime pay if he worked more than 40 hours in a workweek. From September 2006 until Plaintiff no longer held the position of paralegal, Defendant paid Plaintiff on an hourly basis.

36. Defendant's violations of federal wage-hour laws were willful and accomplished with Defendant's knowledge that its actions violate the law. There is no dispute that the Plaintiff is owed wages and overtime wages from the Defendant.

Deleted: and state

Formatted: Strikethrough

37. Defendant has long engaged in this unlawful course of conduct against its numerous employees. The same unlawful practices have caused similarly situated employees not to be paid overtime compensation and pay for all hours worked. Hence, these similarly situated employees are owed compensation just like the Plaintiff.

38. Defendant's unlawful pay practices adversely affected numerous other employees besides Plaintiff.

39. Defendant's violations that have harmed other employees also were willful and accomplished with Defendant's knowledge that its conduct was unlawful.

40. Defendant's violations that have harmed other employees also were willful and accomplished with Defendant's knowledge that its conduct was unlawful.

Deleted: <#>Defendants have long engaged in this unlawful course of conduct against its employees. The same unlawful practices have caused similarly situated employees not to be paid for all hours worked and for overtime compensation. Hence, these similarly situated employees are owed compensation just like the Plaintiff.¶

Formatted: Bullets and Numbering

5

**JURISDICTION & VENUE**

41. This Court has jurisdiction over this case because of federal court subject matter jurisdiction.

42. Venue is proper because the acts giving rising to this matter occurred in this District.

**LEGAL CLAIMS**

**COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, OVERTIME**

43. All allegations of this Complaint are incorporated fully in this Count.

44. Defendant violated the Fair Labor Standards Act by not paying Plaintiff the required overtime wages.

45. Defendant's violations of the Fair Labor Standards Act were willful violations of the Act.

46. This Count is asserted as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of and to protect the rights of all similarly situated employees of Defendant for the three years preceding the filing of this Complaint.

47. Relief requested – Plaintiff requests that: (a) Defendant be ordered to pay Plaintiff and members of the collective action for owed overtime; (b) liquidated damages be assessed against the Defendant; (c) Plaintiff and members of the collective action be awarded pre- and post-judgment interest; (d) this action be designated as a collective action for all similarly situated employees to opt-in and for the required notice to be issued to the current and former employees; and (e) Plaintiff and members of the collective action be awarded their attorney fees and costs.

**COUNT II – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, FAILURE TO PAY FOR ALL HOURS WORKED**

48. All allegations of the Complaint are expressly incorporated herein.

6

49. Defendant violated the FLSA by not paying Plaintiff for all hours worked.

50. Plaintiff and Class members were not compensated for compensable work performed during their meal periods, mandatory work performed in other departments of Defendant, and work performed at mandatory off-site company sponsored events.

51. Defendant's FLSA violations were willful and affected and harmed numerous other employees.

52. Relief requested: Plaintiff requests that: (a) this Count be allowed to proceed as a collective action and for the required notice to be issued to current and former employees, (b) he and members of the action be awarded the owed wages, (c) he and members of the collective action be awarded penalty/liquidated damages, (d) he and members of the collective action be awarded attorney fees and costs, and (e) he and members of the collective action be awarded pre- and post-judgment interest.

Donald L. Gouge, Jr. (DE #2234)
800 N. King Street, Suite 303
Wilmington, DE 19801
(302) 658-1800x2
Attorney for plaintiff

Stephen B. Lebau
Anna Jefferson
LEBAU & NEUWORTH, LLC
606 Baltimore Avenue – Suite 201
Baltimore, Maryland 21204
tel. 410.296.3030
fax. 410.296.8660

7

Deleted: and Class members

Deleted:

Deleted: ) he

Deleted: COUNT III – DELAWARE CLAIM FOR PAY FOR ALL HOURS WORKED¶
¶
<#>All allegations of the Complaint are expressly incorporated herein.¶
<#>Defendants violated the Delaware law, 19 Del. C. § 1102 by not paying Plaintiff and members of the Class for all hours worked.¶
<#>Plaintiff and Class members were not compensated for compensable work performed during their meal periods, mandatory work performed in other departments of Defendant, and work performed at mandatory off-site company sponsored events.¶
Defendant's FLSA violations were willful.¶
<#>Defendant's action were willful??.¶
<#>Relief requested: Plaintiff requests that this Count be allowed to proceed as a class action, and he and members of the action be awarded the owed wages, liquidated? Is that allowed in Delaware law? damages, attorney fees, costs, and pre- and post-judgment interest.¶
COUNT IV – VIOLATION OF DELAWARE EMPLOYMENT PRACTICES LAWS¶
<#>All allegations of this Complaint are incorporated fully in this Count.¶
<#>Delaware state law provides that "an employer must allow an employee an unpaid meal break of at least 30 consecutive minutes, if the employee works 7 ½ or more consecutive hours." 19 Del. C. § 707 (a).¶
<#>Defendant willfully violated Delaware employment laws by not providing Plaintiff and class members the required meal break.¶
<#>Relief requested: Plaintiff requests that this Count be allowed to proceed as a class action, and he and members of the action be awarded, for each separate statutory violation,

Deleted: Respectfully submitted,¶

Formatted: Strikethrough

Deleted: <#>

Deleted: <#>the maximum civil penalty allowed under 19 Del. C. § 707 (a), and attorney fees and costs.¶
¶
¶
... [18]

Deleted: /s/

Deleted: XXXX

Deleted:

Deleted: ¶

Deleted: /s/

**REQUEST FOR JURY TRIAL**

Plaintiff requests that a jury of his peers hear and decide all possible claims.

_____

DONALD L. GOUGE, JR.

Deleted: /s/

Deleted: XXXXXXXX

Deleted: Stephen B. Lebau

8

Certificate and Notice of Service

Formatted: Font: 12 pt

I hereby certify that I served on this 17th day of July 2007, a copy of the Amended Complaint ("clean copy" and a "marked up" copy) were served via efiling on the counsel for the Defendant:

Formatted: Font: 12 pt

Sheldon N. Sandler
Scott A. Holt
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801


/s/

Donald L. Gouge, Jr.  (I.D. No. 2234)

| Page 1: [1] Deleted | SLebau | 4/30/2007 11:05:00 AM |

restitution,

| Page 1: [1] Deleted | SLebau | 5/7/2007 8:52:00 AM |

d

| Page 1: [1] Deleted | SLebau | 5/7/2007 8:52:00 AM |

s

| Page 1: [2] Deleted | Anna Jefferson | 7/11/2007 10:27:00 AM |

provide notice of this Class

| Page 1: [3] Deleted | Anna Jefferson | 7/11/2007 10:27:00 AM |

Action regarding Delaware state wage violations

| Page 1: [4] Deleted | Anna Jefferson | 7/11/2007 10:27:00 AM |

to all possible Class members

| Page 1: [5] Deleted | Anna Jefferson | 7/11/2007 10:27:00 AM |

pursuant to the Delaware Rules.

| Page 1: [6] Deleted | SLebau | 5/7/2007 8:54:00 AM |

Plaintiff and all others similarly situated who may opt-in pursuant to FLSA, 29

U.S.C. §216(b), seek liquidated damages.

| Page 1: [6] Deleted | SLebau | 5/7/2007 8:54:00 AM |

s

| Page 1: [7] Deleted | SLebau | 5/7/2007 8:54:00 AM |

a

| Page 1: [7] Deleted | SLebau | 5/7/2007 8:54:00 AM |

c

| Page 1: [7] Deleted | SLebau | 5/7/2007 8:54:00 AM |

a

| Page 1: [7] Deleted | SLebau | 5/7/2007 8:55:00 AM |

for the purposes of seeking liquidated damage

| Page 3: [8] Deleted | Anna Jefferson | 7/11/2007 10:30:00 AM |

**CLASS ACTION ALLEGATIONS**

This Class Action is intended to cease numerous lucrative but unlawful practices by Defendant and recover wages owed to employees from Defendant.  The causes of action arise out of Defendant's policies and practices of not paying for all hours worked. Defendant systematically and routinely deprived

| Page 3: [9] Deleted | Anna Jefferson | 7/11/2007 10:30:00 AM |

its employees of their right to receive pay for all hours worked.

Plaintiff believes and thereon alleges that during the period beginning three (3) years before the filing of this Complaint and continuing through the time of judgment herein (the "relevant time period" or the "Class Period") Delaware, Defendant has deprived dozens of employees of their right to receive pay for all hours worked.

This action is brought on behalf of

| Page 3: [10] Deleted | Anna Jefferson | 7/11/2007 10:30:00 AM |

ll persons who are employed or have been employed by Defendant since three (3) years prior to the filing of this action and who has not received pay for all hours worked.

**Numerosity**

The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.

| Page 3: [11] Deleted | Anna Jefferson | 7/11/2007 10:30:00 AM |

While the precise number of Class Members has not been determined at this time,

Plaintiff is informed and believes that Defendant during the relevant time

periods employed, over 50 hourly employees

| Page 3: [12] Deleted | Anna Jefferson | 7/11/2007 10:30:00 AM |
|---|---|---|

Accounting for employee turnover during the relevant periods necessarily

increases this number substantially.  Plaintiff alleges Defendant's employment

records will provide information as to the number and location of all Class

Members.  Joinder of all members of the proposed Class is not practicable.

**Commonality**

There are questions of law and fact common to the Class that predominate over

any questions affecting only individual Class Members.  These common

questions of law and fact include, without limitation:

whether Defendant failed to pay wages as required by the

Delaware Wage Payment and Collection Law for all hours

worked;

whether Defendant violated the Delaware Employment Practices

Laws, 19 Del. C. §707(a), concerning meal breaks;

whether Defendant is required to pay penalty damages under

state law; and

whether Defendant has any defense to the asserted claims.

**Typicality**

The claims of the named Plaintiff are typical of the claims of the class.

Plaintiff and all members of the class sustained injuries and damages arising out

of and caused by Defendant's common course of conduct in violation of laws,

regulations that have the force and effect of law and statutes as alleged herein.

**Adequacy of Representation**

Plaintiff will fairly and adequately represent and protect the interests of the members of the class.

| Page 3: [13] Deleted | Anna Jefferson | 7/11/2007 10:30:00 AM |
|---|---|---|

Counsel who represents Plaintiff are

| Page 3: [14] Deleted | Anna Jefferson | 7/11/2007 10:30:00 AM |
|---|---|---|

Plaintiff's counsel is competent and experienced in litigating

| Page 3: [15] Deleted | Anna Jefferson | 7/11/2007 10:30:00 AM |
|---|---|---|

wage-hour class actions.

**Superiority of Class Action**

This C

| Page 3: [16] Deleted | Anna Jefferson | 7/11/2007 10:30:00 AM |
|---|---|---|

ction is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.

Each member of the class has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or practice of denying class members pay for all hours worked.

Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

| Page 3: [17] Deleted | Anna Jefferson | 7/11/2007 10:30:00 AM |
|---|---|---|

and the Delaware Wage Payment and Collection Law

| Page 7: [18] Deleted | Anna Jefferson | 7/11/2007 10:31:00 AM |
|---|---|---|

the maximum civil penalty allowed under 19 Del. C. § 707 (a), and attorney fees

and costs.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **William Wersinger** | ) | |
| 607 Ilse Drive | ) | |
| Newark, Delaware 19713 | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action Number: 07-262(GMS)** |
| | ) | |
| **Bank of America Corporation** | ) | |
| 1100 North King Street | ) | |
| Wilmington, Delaware 19884-0124 | ) | <u>**Request for Jury Trial**</u> |
| | ) | |
| Serve on: Registered Agent | ) | |
|       The Corporation Trust Co. | ) | |
|       1209 Orange Street | ) | |
|       Wilmington, DE 19801 | ) | |
| | ) | |
| **Defendant** | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**AMENDED COMPLAINT**</u>

Plaintiff William Wersinger, by his attorneys, files this Complaint against Defendant

alleging violations of the federal Fair Labor Standards Act, and, in support thereof, states:

**PRELIMINARY STATEMENT**

1.  Pursuant to the Fair Labor Standards Act of 1938 (hereinafter the "FLSA"), Plaintiff

    institutes this Collective Action for actual damages, liquidated damages, statutory

    penalties, attorneys' fees and the costs of this action against Defendant for multiple

    violations of the FLSA (29 U.S.C. §207 and 29 U.S.C. §216, 29 CFR 785.19(a)).

2.  Plaintiff will request the Court to authorize notice to all such persons informing them

    of the pendency of this Collective Action and their right to opt into the Collective

    Action pursuant to the FLSA, 29 U.S.C. §216(b) and to seek all relief and remedies

    available for them under federal law.

3. Plaintiff and all others similarly situated who may opt-in pursuant to the FLSA, 29 U.S.C. §216(b), seek liquidated damages, attorney fees and costs.

**THE PARTIES**

4. The Plaintiff William Wersinger ("Plaintiff") is an adult and a legal resident of the State of Delaware.

5. Plaintiff is an "employee" of the Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e).

6. The Defendant Bank of America ["Defendant"] is a for-profit, publicly traded company doing business in Delaware.

7. The Defendant is an employer within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

8. Defendant operates financial institutions worldwide.

9. Defendant is engaged in interstate commerce by the nature of its business.

10. Defendant is engaged in interstate commerce, and Plaintiff can satisfy all requirements for maintaining claims under the Fair Labor Standards Act.

11. Defendant is an enterprise as set forth in the Fair Labor Standards Act, 29 U.S.C. § 207.

12. Plaintiff and Collective Action members are/were paralegals and/or legal support staff for the Defendant and/or were employees whom had to work in a non-exempt customer service position outside of normal business hours and were not paid for such work.

13. The Class may expand depending upon further investigation.

14. Defendant is subject to the terms of the FLSA, by the nature of its business and the amount of its business.

## COLLECTIVE ACTION ALLEGATIONS

15. This action is concurrently maintainable as a Collective Action pursuant to 29 U.S.C. §216(b) as to claims for owed overtime wages and owed wages, liquidated damages, attorneys' fees and costs under the FLSA.

16. In addition to Plaintiff, there are numerous other current and former employees of the Defendant whom are similarly situated to Plaintiff in that they too have been subjected to the unlawful pay polices and practices of the Defendant.

17. These similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's records.

18. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. §216(b) for the purpose of adjudicating their claims for liquidated damages, attorneys' fees and costs under FLSA.

19. For a period of at least three years prior to the filing of this action and continuing to the present, Defendant has had a consistent policy of failing to pay overtime for all work over forty hours per workweek, and failing to compensate for all hours worked.

## THE OWED WAGES & OVERTIME WAGES

20. As stated, the Defendant is an employer subject to the provisions of the Fair Labor Standards Act.

21. Plaintiff worked as a paralegal for Defendant and its predecessor entity from November 1989 until November 2006.

22. In January 2006, Defendant acquired MBNA America Bank, N.A., the predecessor entity that Plaintiff worked for from November 1989 until the Defendant acquired it.

23. Defendant is liable for any and all wage-hour violations of its corporate predecessor.

24. Plaintiff was employed for Defendant in a non-exempt position from November 1989 until November 2006 with Defendant, as the term "non-exempt" is interpreted under the FLSA.

25. Plaintiff did not exercise independent judgment or discretion in connection with his work with Defendant during the relevant time period.

26. Plaintiff did not hire, fire, discipline or have any involvement in setting the terms and conditions of employment for any other employees during the relevant time period.

27. During the relevant time period, Plaintiff regularly worked in excess of 40 hours a week for which he was not paid the required time and a half pay for hours worked over 40 hours.

28. During the relevant time period, Plaintiff was required to work at least 40 hours per week.

29. On most days, Plaintiff performed substantial work duties on behalf of and for the benefit of Defendant during his meal periods.

30. Plaintiff was never compensated for the work performed during his meal periods.

31. Plaintiff was required to work at least six hours per month performing non-exempt work in the customer service area.  However, Plaintiff was never compensated for his time performing this required work.

32. Numerous other employees had to work in non-exempt positions other than their regular position and were not paid for it just like Plaintiff.

4

33. Further, Plaintiff was not properly compensated at the lawful overtime rate for the hours he worked in addition to the mandatory six hours in the customer service department.

34. Plaintiff was not properly compensated and not compensated for all hours worked for required work performed during at least one mandatory off-site Company sponsored event.

35. In September 2006, Defendant informed Plaintiff that he would be paid on an hourly basis with overtime pay if he worked more than 40 hours in a workweek. From September 2006 until Plaintiff no longer held the position of paralegal, Defendant paid Plaintiff on an hourly basis.

36. Defendant's violations of federal wage-hour laws were willful and accomplished with Defendant's knowledge that its actions violate the law. There is no dispute that the Plaintiff is owed wages and overtime wages from the Defendant.

37. Defendant has long engaged in this unlawful course of conduct against its numerous employees. The same unlawful practices have caused similarly situated employees not to be paid overtime compensation and pay for all hours worked. Hence, these similarly situated employees are owed compensation just like the Plaintiff.

38. Defendant's unlawful pay practices adversely affected numerous other employees besides Plaintiff.

39. Defendant's violations that have harmed other employees also were willful and accomplished with Defendant's knowledge that its conduct was unlawful.

40. Defendant's violations that have harmed other employees also were willful and accomplished with Defendant's knowledge that its conduct was unlawful.

JURISDICTION & VENUE

41. This Court has jurisdiction over this case because of federal court subject matter

    jurisdiction.

42. Venue is proper because the acts giving rising to this matter occurred in this District.

## <u>LEGAL CLAIMS</u>

**COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, OVERTIME**

43. All allegations of this Complaint are incorporated fully in this Count.

44. Defendant violated the Fair Labor Standards Act by not paying Plaintiff the required

    overtime wages.

45. Defendant's violations of the Fair Labor Standards Act were willful violations of the

    Act.

46. This Count is asserted as a collective action under the Fair Labor Standards Act, 29

    U.S.C. § 216(b), on behalf of and to protect the rights of all similarly situated

    employees of Defendant for the three years preceding the filing of this Complaint.

47. <u>Relief requested</u> – Plaintiff requests that: (a) Defendant be ordered to pay Plaintiff

    and members of the collective action for owed overtime; (b) liquidated damages be

    assessed against the Defendant; (c) Plaintiff and members of the collective action be

    awarded pre- and post-judgment interest; (d) this action be designated as a collective

    action for all similarly situated employees to opt-in and for the required notice to be

    issued to the current and former employees; and (e) Plaintiff and members of the

    collective action be awarded their attorney fees and costs.

**COUNT II – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, FAILURE TO PAY FOR ALL
    HOURS WORKED**

48. All allegations of the Complaint are expressly incorporated herein.

49. Defendant violated the FLSA by not paying Plaintiff for all hours worked.

50. Plaintiff and Class members were not compensated for compensable work performed during their meal periods, mandatory work performed in other departments of Defendant, and work performed at mandatory off-site company sponsored events.

51. Defendant's FLSA violations were willful and affected and harmed numerous other employees.

52. <u>Relief requested</u>: Plaintiff requests that: (a) this Count be allowed to proceed as a collective action and for the required notice to be issued to current and former employees, (b) he and members of the action be awarded the owed wages, (c) he and members of the collective action be awarded penalty/liquidated damages, (d) he and members of the collective action be awarded attorney fees and costs, and (e) he and members of the collective action be awarded pre- and post-judgment interest.

*/s/ Donald L. Gouge, Jr.*
Donald L. Gouge, Jr. (DE #2234)
800 N. King Street, Suite 303
Wilmington, DE  19801
(302) 658-1800x2
Attorney for plaintiff

*/s/ Stephen B. Lebau*

Stephen B. Lebau
Anna Jefferson
LEBAU & NEUWORTH, LLC
606 Baltimore Avenue – Suite 201
Baltimore, Maryland 21204
tel. 410.296.3030
fax. 410.296.8660

## REQUEST FOR JURY TRIAL

Plaintiff requests that a jury of his peers hear and decide all possible claims.

_/s/ *Donald L. Gouge, Jr.*_____
DONALD L. GOUGE, JR. (ID No. 2234)
Heiman, Gouge & Kaufman, LLP
800 King Street, Suite 303
Wilmington, DE  19801
Tel. 302.658.1800
Fax. 302.658.1473

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRIC OF DELAWARE

WILLIAM WERSINGER,              )
                Plaintiff,      )
                                )
        v.                      )        C.A. No. 07-262(GMS)
                                )
BANK OF AMERICA CORPORATION,    )        JURY TRIAL REQUSTED
                Defendant.      )

## <u>ORDER</u>

Having reviewed Plaintiff's motion to file an amended complaint, and there being no

opposition from the defendant, the motion to amend the complaint is GRANTED

This _____ day of _____ 2007.


        IT IS SO ORDERED.




                                _____
                                SLEET, C.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRIC OF DELAWARE

WILLIAM WERSINGER,           )
          Plaintiff,           )
                           )
      v.           )    C.A. No. 07-262(GMS)
                           )
BANK OF AMERICA CORPORATION,   )    JURY TRIAL REQUSTED
          Defendant.           )

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the within amended complaint was sent via Pacer electronic filing and by hand on the following:

Sheldon N. Sandler, Esquire
Scott A. Holt, Esquire
1000 West Street, 17th Floor
Wilmington, DE  19801

*/s/ Donald L. Gouge, Jr. #2234*
DONALD L. GOUGE, JR. (#2234)
800 N. King Street, Suite 303
Wilmington, DE  19801
(302) 658-1800x2
Attorney for plaintiff

DATED:  July 17, 2007