# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **William Wersinger** <br> 607 Ilse Drive <br> Newark, Delaware 19713 <br><br> **Plaintiff** <br><br> v. <br><br> **Bank of America Corporation** <br> 1100 North King Street <br> Wilmington, Delaware 19884-0124 <br><br> Serve on: Registered Agent <br>     The Corporation Trust Co. <br>     1209 Orange Street <br>     Wilmington, DE 19801 <br><br> **Defendant** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br><br> **Civil Action Number: 07-262(GMS)** <br><br><br> **Request for Jury Trial** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AMENDED COMPLAINT

Plaintiff William Wersinger, by his attorneys, files this Complaint against Defendant alleging violations of the federal Fair Labor Standards Act, and, in support thereof, states:

**PRELIMINARY STATEMENT**

1. Pursuant to the Fair Labor Standards Act of 1938 (hereinafter the "FLSA"), Plaintiff institutes this Collective Action for actual damages, liquidated damages, statutory penalties, attorneys' fees and the costs of this action against Defendant for multiple violations of the FLSA (29 U.S.C. §207 and 29 U.S.C. §216, 29 CFR 785.19(a)).

2. Plaintiff will request the Court to authorize notice to all such persons informing them of the pendency of this Collective Action and their right to opt into the Collective Action pursuant to the FLSA, 29 U.S.C. §216(b) and to seek all relief and remedies available for them under federal law.

3. Plaintiff and all others similarly situated who may opt-in pursuant to the FLSA, 29 U.S.C. §216(b), seek liquidated damages, attorney fees and costs.

**THE PARTIES**

4. The Plaintiff William Wersinger ("Plaintiff") is an adult and a legal resident of the State of Delaware.

5. Plaintiff is an "employee" of the Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e).

6. The Defendant Bank of America ["Defendant"] is a for-profit, publicly traded company doing business in Delaware.

7. The Defendant is an employer within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

8. Defendant operates financial institutions worldwide.

9. Defendant is engaged in interstate commerce by the nature of its business.

10. Defendant is engaged in interstate commerce, and Plaintiff can satisfy all requirements for maintaining claims under the Fair Labor Standards Act.

11. Defendant is an enterprise as set forth in the Fair Labor Standards Act, 29 U.S.C. § 207.

12. Plaintiff and Collective Action members are/were paralegals and/or legal support staff for the Defendant and/or were employees whom had to work in a non-exempt customer service position outside of normal business hours and were not paid for such work.

13. The Class may expand depending upon further investigation.

14. Defendant is subject to the terms of the FLSA, by the nature of its business and the amount of its business.

**COLLECTIVE ACTION ALLEGATIONS**

15. This action is concurrently maintainable as a Collective Action pursuant to 29 U.S.C. §216(b) as to claims for owed overtime wages and owed wages, liquidated damages, attorneys' fees and costs under the FLSA.

16. In addition to Plaintiff, there are numerous other current and former employees of the Defendant whom are similarly situated to Plaintiff in that they too have been subjected to the unlawful pay polices and practices of the Defendant.

17. These similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's records.

18. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. §216(b) for the purpose of adjudicating their claims for liquidated damages, attorneys' fees and costs under FLSA.

19. For a period of at least three years prior to the filing of this action and continuing to the present, Defendant has had a consistent policy of failing to pay overtime for all work over forty hours per workweek, and failing to compensate for all hours worked.

**THE OWED WAGES & OVERTIME WAGES**

20. As stated, the Defendant is an employer subject to the provisions of the Fair Labor Standards Act.

21. Plaintiff worked as a paralegal for Defendant and its predecessor entity from November 1989 until November 2006.

22. In January 2006, Defendant acquired MBNA America Bank, N.A., the predecessor entity that Plaintiff worked for from November 1989 until the Defendant acquired it.

23. Defendant is liable for any and all wage-hour violations of its corporate predecessor.

24. Plaintiff was employed for Defendant in a non-exempt position from November 1989 until November 2006 with Defendant, as the term "non-exempt" is interpreted under the FLSA.

25. Plaintiff did not exercise independent judgment or discretion in connection with his work with Defendant during the relevant time period.

26. Plaintiff did not hire, fire, discipline or have any involvement in setting the terms and conditions of employment for any other employees during the relevant time period.

27. During the relevant time period, Plaintiff regularly worked in excess of 40 hours a week for which he was not paid the required time and a half pay for hours worked over 40 hours.

28. During the relevant time period, Plaintiff was required to work at least 40 hours per week.

29. On most days, Plaintiff performed substantial work duties on behalf of and for the benefit of Defendant during his meal periods.

30. Plaintiff was never compensated for the work performed during his meal periods.

31. Plaintiff was required to work at least six hours per month performing non-exempt work in the customer service area. However, Plaintiff was never compensated for his time performing this required work.

32. Numerous other employees had to work in non-exempt positions other than their regular position and were not paid for it just like Plaintiff.

33. Further, Plaintiff was not properly compensated at the lawful overtime rate for the hours he worked in addition to the mandatory six hours in the customer service department.

34. Plaintiff was not properly compensated and not compensated for all hours worked for required work performed during at least one mandatory off-site Company sponsored event.

35. In September 2006, Defendant informed Plaintiff that he would be paid on an hourly basis with overtime pay if he worked more than 40 hours in a workweek. From September 2006 until Plaintiff no longer held the position of paralegal, Defendant paid Plaintiff on an hourly basis.

36. Defendant's violations of federal wage-hour laws were willful and accomplished with Defendant's knowledge that its actions violate the law. There is no dispute that the Plaintiff is owed wages and overtime wages from the Defendant.

37. Defendant has long engaged in this unlawful course of conduct against its numerous employees. The same unlawful practices have caused similarly situated employees not to be paid overtime compensation and pay for all hours worked. Hence, these similarly situated employees are owed compensation just like the Plaintiff.

38. Defendant's unlawful pay practices adversely affected numerous other employees besides Plaintiff.

39. Defendant's violations that have harmed other employees also were willful and accomplished with Defendant's knowledge that its conduct was unlawful.

40. Defendant's violations that have harmed other employees also were willful and accomplished with Defendant's knowledge that its conduct was unlawful.

**JURISDICTION & VENUE**

41. This Court has jurisdiction over this case because of federal court subject matter jurisdiction.

42. Venue is proper because the acts giving rising to this matter occurred in this District.

## LEGAL CLAIMS

**COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, OVERTIME**

43. All allegations of this Complaint are incorporated fully in this Count.

44. Defendant violated the Fair Labor Standards Act by not paying Plaintiff the required overtime wages.

45. Defendant's violations of the Fair Labor Standards Act were willful violations of the Act.

46. This Count is asserted as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of and to protect the rights of all similarly situated employees of Defendant for the three years preceding the filing of this Complaint.

47. <u>Relief requested</u> – Plaintiff requests that: (a) Defendant be ordered to pay Plaintiff and members of the collective action for owed overtime; (b) liquidated damages be assessed against the Defendant; (c) Plaintiff and members of the collective action be awarded pre- and post-judgment interest; (d) this action be designated as a collective action for all similarly situated employees to opt-in and for the required notice to be issued to the current and former employees; and (e) Plaintiff and members of the collective action be awarded their attorney fees and costs.

**COUNT II – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, FAILURE TO PAY FOR ALL HOURS WORKED**

48. All allegations of the Complaint are expressly incorporated herein.

49. Defendant violated the FLSA by not paying Plaintiff for all hours worked.

50. Plaintiff and Class members were not compensated for compensable work performed during their meal periods, mandatory work performed in other departments of Defendant, and work performed at mandatory off-site company sponsored events.

51. Defendant's FLSA violations were willful and affected and harmed numerous other employees.

52. <u>Relief requested</u>: Plaintiff requests that: (a) this Count be allowed to proceed as a collective action and for the required notice to be issued to current and former employees, (b) he and members of the action be awarded the owed wages, (c) he and members of the collective action be awarded penalty/liquidated damages, (d) he and members of the collective action be awarded attorney fees and costs, and (e) he and members of the collective action be awarded pre- and post-judgment interest.

       __/s/ Donald L. Gouge, Jr._____
Donald L. Gouge, Jr. (DE #2234)
800 N. King Street, Suite 303
Wilmington, DE  19801
(302) 658-1800x2
Attorney for plaintiff

       __/s/ Stephen B. Lebau_____

Stephen B. Lebau
Anna Jefferson
LEBAU & NEUWORTH, LLC
606 Baltimore Avenue – Suite 201
Baltimore, Maryland 21204
tel. 410.296.3030
fax. 410.296.8660

**REQUEST FOR JURY TRIAL**

Plaintiff requests that a jury of his peers hear and decide all possible claims.

                                                /s/ *Donald L. Gouge, Jr.*
                                                DONALD L. GOUGE, JR. (ID No. 2234)
                                                Heiman, Gouge & Kaufman, LLP
                                                800 King Street, Suite 303
                                                Wilmington, DE  19801
                                                Tel. 302.658.1800
                                                Fax. 302.658.1473