IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM WERSINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-262-GMS |
| | ) | |
| BANK OF AMERICA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO AMENDED COMPLAINT

**Preliminary Statement**

    1. Admitted that Plaintiff instituted this action under the Fair Labor Standards Act of 1938 (FLSA) and that he seeks relief under said statute, but it is specifically denied that any violations occurred. It also is denied that the action constitutes a collective action for purposes of the FLSA.

    2. Denied, except admitted that Plaintiff purports to bring this action as a collective class action under the FLSA.

    3. Denied, except admitted that Plaintiff purports to seek remedies under the FLSA for himself and on behalf of others.

**The Parties**

    4. Admitted.

    5. Admitted.

    6. Admitted.

    7. Admitted.

8. Admitted that Bank of America has operations in various locations worldwide.

9. Admitted.

10. Denied, except it is admitted that Bank of America is engaged in commerce for purposes of FLSA coverage.

11. Admitted that Bank of America is an enterprise for purposes of FLSA coverage.

12. Denied, except it is admitted that Plaintiff is currently employed as Marketing Product Consultant for Bank of America and was employed in various capacities in the legal department for Bank of America and MBNA America Bank, N.A., a company acquired by Bank of America.

13. Denied.

14. Admitted that Bank of America is subject to the provisions of the FLSA.

**Collective Action Allegations**

15. Denied.

16. Denied.

17. Denied, except it is admitted that Bank of America maintains certain records concerning its employees, including those records required under the FLSA.

18. Denied.

19. Denied.

**The Owed Wages & Overtime Wages**

20. Admitted.

21. Denied, except it admitted that Plaintiff worked in various capacities for Bank of America and MBNA America Bank, N.A., including the position of paralegal.

22. Denied, except it is admitted that Bank of America acquired MBNA America Bank, N.A. and that Plaintiff had worked for MBNA America Bank, N.A. since on or around November 1989.

23. Denied.

24. Denied.

25. Denied.

26. Admitted that Plaintiff did not hire, fire, discipline or set the terms and conditions of employment for other employees during his employment for the three year period preceding the filing of this complaint. Bank of America is without knowledge sufficient to form a belief as to truth or falsity of the allegation referencing the "relevant time period" as it is undefined.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied, except it is admitted that Plaintiff on occasion worked a limited number of hours in MBNA America Bank's customer service area as part of the company's efforts to ensure he was familiar with various aspects of its operations.

32. Denied.

33. Denied.

34. Denied.

35. Denied, except it is admitted that Bank of America compensated Plaintiff on an hourly basis on or around May 2006 up until November 2006.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

**Jurisdiction and Venue**

41. Bank of America admits that the complaint, on its face, alleges that jurisdiction of this Court is conferred under the FLSA, but specifically denies that it has violated the FLSA.

42. Bank of America admits that the complaint, on its face, alleges that the alleged acts occurred in Delaware and that venue is proper in this District.

## LEGAL CLAIMS

**Count I – Violations of the Fair Labor Standards Act, Overtime**

43. The preceding answers are incorporated as if stated fully herein.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

**Count II – Violations of the Fair Labor Standards Act, Failure to Pay For All Hours Worked**

48. The preceding answers are incorporated as if stated fully herein.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## AFFIRMATIVE DEFENSES

A. The Complaint fails to state a claim upon which relief can be granted.

B. Plaintiff and all members of the purported class are exempt from the overtime and minimum wage requirements pursuant to Section 13(a)(1) of the FLSA and 29 C.F.R. Part 541.

C. The claims are barred in whole or in part by the applicable statute of limitations.

D. At all relevant times Defendant acted in good faith and had reasonable grounds for believing that its actions were not a violation of federal law.

E. The members of the purported class of plaintiffs are not similarly situated.

F. Defendant is entitled to a setoff.

G. Plaintiff and all members of the purported class are estopped from asserting claims for more hours than reported on their time records.

H. Defendant's actions were not willful.

WHEREFORE, Defendant demands that the Complaint be dismissed and that costs and fees be assessed against Plaintiff.

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> */s/ Scott A. Holt*
> _____
> Sheldon N. Sandler (I.D. No. 245)
> Scott A. Holt (I.D. No. 3399)
> Young Conaway Stargatt & Taylor, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, DE 19801
> Telephone: (302) 571-6673; (302) 571-6623
> Facsimile: (302) 576-3330; (302) 576-3299
> Email: ssandler@ycst.com;sholt@ycst.com
> Attorneys for Defendant

DATED: August 1, 2007