**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **William Wersinger** * | |
| **Plaintiff** * | |
| * | |
| v. * | **Civil Action Number: 07-262-GMS** |
| * | |
| **Bank of America Corporation** * | |
| **Defendant** * | |

**PLAINTIFF'S INITIAL DISCLOSURE & CASE REPORT**

Plaintiff respectfully submits this initial disclosure and case report:

I. **CASE MANAGEMENT ITEMS PARTICULAR TO THIS FAIR LABOR STANDARDS ACT MATTER**

A. **Collective Action Status**

Plaintiff intends to proceed with this matter as a collective action under the applicable provisions of the Fair Labor Standards Act, on behalf of all paralegals and legal assistants whom worked for the Defendant for the three-year period preceding the filing of the Complaint in this matter. This collective action will seek to recover pay for hours worked and for overtime compensation.

Discovery also may reveal that the alleged unlawful pay practices of requiring employees to perform six hours of work in the customer service area and not getting paid for it extend to employees other than paralegals and legal assistants. Therefore, the collective action may seek to include such individuals in the case.

Plaintiff anticipates that Defendant will oppose this case proceeding as a collective action.

B. **Scheduling Due To Collective Action Status**

Plaintiff proposes that that the case schedule taken into account the collective action component of this case, which will require significant written discovery and depositions.

Plaintiff proposes a six-month discovery period for discovery in this case for: (1) Plaintiff's individual claims; and (2) the determination of collective action status. Assuming that Defendant cooperates in the discovery process, Plaintiff anticipates being able to file its motion seeking formal collective action status within the first three months of the discovery schedule.

There is some urgency to the collective action component of this case because, in some circumstances, the statute of limitations is not tolled for other individuals whom may be owed wages until they affirmatively opt-in this case.

### C. Additional Discovery

Due to the collective action component of this case, Plaintiff asks that he be allowed 25 written interrogatories beyond the amount permitted by Local Rules 26(1)(b).

Plaintiff may seek leave of court to take a few depositions beyond the amount permitted by Fed. R. Civ. P. 30. Defendant's responses to written discovery requests will determine if Plaintiff will seek leave for additional depositions.

## II. WITNESSES

A. Plaintiff – see complaint for knowledge possessed.

B. Plaintiff's co-workers, paralegals and legal assistants - – These individuals may possess knowledge of job duties and responsibilities, hours worked for which there was no pay, Defendant's pay policies, and Defendant's wage-hour violation.

- Gary Fitch, Paralegal – former employee
- Pam Lyman, Paralegal – current employee
- Tracey O'Connor, Office Administrator – former employee
- Karen Raison, Paralegal – current employee
- Stephanie Collingwood, Paralegal – former employee
- Andrea Stevenson-Hardin, Paralegal – former employee
- Claudia Roark, Paralegal – former employee
- Sherise Sanders, Paralegal – former employee
- Theresa Sedivec, Paralegal & Attorney – former employee
- Erin Harrison, Paralegal – former employee
- Jill Dolan, Paralegal – current employee
- Janet Juliano, Paralegal- current employee
- Linda Lappert, Paralegal – current employee

C. Plaintiff's superiors - These individuals may possess knowledge of job duties and responsibilities, hours worked for which there was no pay, Defendant's pay policies, and Defendant's wage-hour violation.

- Stacey McGinn, Esq. – former supervisor, current employee
- Omar McNeill, Esq. - former supervisor, current employee
- Henry Moncure, III, Esq. - former supervisor, current employee
- Timothy Naughton, Esq. - former supervisor, current employee
- Michael Mullen, Esq. - former supervisor, current employee

    <u>Individuals with knowledge of no overtime pay for mandatory off-site meetings</u> – See individuals identified above,

D. <u>Individuals with knowledge of mandatory work in customer service for which there was no pay or overtime pay</u> - See individuals identified above, in addition, the following individuals may posses knowledge of this:

    Bruce Hammonds
    John Cochran
    Louis Freeh
    Andrew S. Civiletti, Esq.
    Amy Cohen, Esq.
    Dezzie Cole, Esq.
    Pearl Coleman, Admin. Assistant
    Roberta Miller, Admin. Assistant
    Michele Logsdon, Admin. Assistant
    Kathleen Guzzetta
    Brian Meyers, Esq.
    Michael J. Mullen, Esq.
    Amy Appleton-Ruth. Esq.
    Sharon Killheffer, Esq.
    Timothy Naughton, Esq.

E. <u>Reservation</u> – Plaintiff's ongoing investigation and the discovery conducted in this case may reveal other individuals with relevant knowledge. Plaintiff will supplement as required by the applicable Rules.

## III. DOCUMENTS

A. <u>Documents in Plaintiff's current possession that may be used to support his claims</u> – pay stubs, evaluations, job description, notices of off-site meetings and training, W-2s,

B. <u>Documents in the custody, control or possession of the Defendant to support the Plaintiff's claims</u> – Pay records and pay policies of the Defendant and its predecessor company; evaluations/appraisals/job descriptions of paralegal and legal assistants; customer service records and documents evidencing work performed and assignments given to nonexempt employees for which they were not paid; records and documents of required training sessions, off-site meetings and meetings attended by paralegals and legal assistants; work assignments given to and performed by paralegals and legal assistants and the documents and records evidencing the work of paralegals and legal assistants; discipline and counseling issued to paralegals and legal assistants; the personnel file materials of legal assistants and paralegals; work rules, policies, and directives for paralegals and legal assistants; documents show hours worked by paralegals and legal assistants,

      including computer sign-in/sign-off records and "swipe-in/swipe-out" records and like materials, memoranda about required customer service work.

  C. <u>Reservation</u> – Discovery likely will lead to other documents that may support Plaintiff's claims and rebut any defenses raised by the Defendant.

## IV. DAMAGES

Plaintiff seeks to recover all wages owed for all hours worked, overtime compensation and liquidated damages, as well pre- and post-judgment interest to the extent permissible.

Plaintiff requires the benefit of discovery to determine the precise amount of damages owed.

*/s/ Donald L. Gouge, Jr. #2234*
DONALD L. GOUGE, JR. (#2234)
800 N. King Street, Suite 303
Wilmington, DE 19801
(302) 658-1800x2
Attorney for plaintiff

DATED: October 8, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRIC OF DELAWARE

| | | |
|---|---|---|
| WILLIAM WERSINGER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-262(GMS) |
| | ) | |
| BANK OF AMERICA CORPORATION, | ) | JURY TRIAL REQUSTED |
|     Defendant. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

    I certify that a copy of the within initial disclosures and documents was sent via Pacer electronic filing and by hand on the following:

    Sheldon N. Sandler, Esquire
    Scott A. Holt, Esquire
    1000 West Street, 17th Floor
    Wilmington, DE  19801

    */s/ Donald L. Gouge, Jr. #2234*
    DONALD L. GOUGE, JR. (#2234)
    800 N. King Street, Suite 303
    Wilmington, DE  19801
    (302) 658-1800x2
    Attorney for plaintiff

DATED:  October 8, 2007