IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **William Wersinger** | * | |
|     **Plaintiff** | * | |
| | * | |
| v. | * | C.A. 07-262-GMS |
| | * | |
| **Bank of America Corporation** | * | |
|     **Defendant** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**TO DEFENDANT BANK OF AMERICA CORPORATION**

**To:** Defendant Bank of America Corporation ["Defendant"]

**From:** Plaintiff William Wersinger ["Plaintiff"]

Pursuant to the provisions of Rule 33 of the Federal Rules of Civil Procedure, and Local Rule 26.1, Plaintiff, by and through undersigned counsel, requests that Defendant answer the following Interrogatories within the time period required by the Federal Rules of Civil Procedure.

**INTRODUCTION AND INSTRUCTIONS**

These Interrogatories are continuing in character, to the full extent permitted by the Federal Rules of Civil Procedure, and require you to file supplemental answers if further, other, or different information is obtained prior to trial. These Interrogatories seek all information that is known to Defendant and Defendant's counsel, representatives, agents, servants, employees, consultants, or investigators and, unless otherwise privileged, her counsel, employees, representatives, agents, servants, investigators or consultants.

1. These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible of a construction

which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

    2. These Interrogatories are continuing in character, so as to require that supplemental answers be filed reasonably if further or different information is obtained with respect to any interrogatory.

    3. No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

    4. In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

    A. In asserting the privilege, the responding party shall, in the objection to the interrogatory or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

    B. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,

    (1) For oral communications:
  a. the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;
  b. the date and place of the communication; and
  c. the general subject matter of the communication.

    (2) For documents:
  a. the type of document,
  b. the general subject matter of the document,
  c. the date of the document, and
  d. such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not

apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5. If the responding party elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

6. If, in answering these interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. *Concerning:* The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

2. *Communication:* The term "communication" means the transmittal of information by any means.

3. *Document*: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing". Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document." The terms "writings", "recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document." The term "document" also encompasses the definition of that term as set forth in Plaintiff's First Request for Production of Documents.

4. *Identify (with respect to persons):* When referring to a person, to "identify" means to state the person's full name, present or last known home and business addresses and telephone numbers, and present or last known place of employment. Once a person has been identified in

accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

     5. *Identify (with respect to documents):* When referring to documents, to "identify" means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

     6. *Occurrence/Transaction:* The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

     7. *Parties:* The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, Interconnect operating Board of Directors, employees and predecessors. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

     8. *Person:* The term "person" is defined as any natural person or any business, legal or governmental entity or association.

     9. *You/your:* The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, predecessors, attorneys, representatives, and Interconnect operating Board of Directors.

     10. *"Defendant"* includes and refers to the named Defendant and the predecessor entity that employed Plaintiff, which was MBNA America Bank, N.A.

     11. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "many" means "any and A." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

## INTERROGATORIES

1. Identify all persons who are likely to have personal knowledge of any fact alleged in the Complaint or in Defendant's answer to the Complaint, and state in detail the subject matter(s) of the personal knowledge possessed by each such person.

2. Identify all persons whom you expect to call as expert witnesses at trial and for each such expert state the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify and the basis for each opinion.

3. Please describe in detail Plaintiff's job duties and responsibilities, and identify all documents that evidence or relate or refer to the identified job duties and responsibilities.

4. State in detail all facts and identify all documents that in any way support Defendant's specifically raised affirmative defense that "Plaintiff and all members of the purported class are exempt from the overtime and minimum wage requirements pursuant to Section 13(a)(1) of the FLSA and 29 C.F.R. Part 541," as stated in Affirmative Defense B of Defendant's Answer to the Amended Complaint.

5. State in detail all facts and identify all documents that in any way support Defendant's specifically raised affirmative defense that "[a]t all relevant times Defendant acted in good faith and had reasonable grounds for believing that its actions were not in violation of federal law," and that their "actions were not willful" as stated in Affirmative Defenses D and H of Defendant's Answer to the Amended Complaint.

6. State in detail all facts and identify all documents that in any way support Defendant's specifically raised affirmative defense that "Defendant is entitled to a setoff," as stated in Affirmative Defense F of Defendant's Answer to the Amended Complaint.

7. State in detail all facts and identify all documents that in any way support Defendant's specifically raised affirmative defense that "Plaintiff and all members of the purported class are estopped from asserting claims for more hours than reported on their time records," as stated in Affirmative Defense G of Defendant's Answer to the Amended Complaint.

8. Identify all individuals (including all current and former employees and independent contractors) whom Defendant, its officers or representatives have spoken to or consulted with regarding this lawsuit, or any other subject relevant to this matter and state the specific subject(s) that were discussed.

9. State in detail the manner and method that Defendant paid all paralegals and legal assistants for the three-year period preceding the filing of the Complaint to the present date, including any determination as to the amount of any set rate of pay (hourly, daily, weekly, etc), and identify all documents that relate or refer to that manner or method.

10. If the Defendant has ever undertaken any study, analysis, audit, inquiry, consideration or investigation (collectively herein referred to as "study') into whether or not it has complied with any local or Federal laws or regulations relating to wage-hour laws, including overtime and pay for all hours worked, please identify the individuals involved

in the study, the results of the study and all documents that evidence or relate or refer to the study.

11. State in detail the manner and method in which Defendant recorded, kept track of and/or maintained documents about the hours worked by its paralegals and legal assistants, for the period three years prior to the filing of the lawsuit to the present, and identify all documents that evidence or relate or refer to the identified manner and method.

12. State all facts that support Defendant's contention that Plaintiff was not entitled to overtime pay because he was an exempt employee and identify all documents that support such contention.

13. If the Defendant has ever changed or modified the manner in which it paid its paralegals or legal assistants at anytime during the three-year period prior to the filing date of this lawsuit through the present time, please state in detail the change or modification made (i.e. salary to hourly pay), all specific reasons for the change or modification, the identity (including job title) of all persons involved in the decision to change of modify the manner of payment, and identify all documents that relate or refer to, or concern the change or modification.

14. State in detail all employment polices, rules, directives, and/or guidelines implemented or revised during the three year period preceding the filing of the Complaint to the present date concerning Plaintiff and all other paralegals and legal assistants attending out of office meetings, seminars, and/or business related trips.

15. Identify all current and former employees whom worked for the Defendant (including the Plaintiff) in the State of Delaware as a paralegal or legal assistant for the three-year period preceding the filing of the Complaint to the present date, and, for each, state dates of employment, the rate of pay, and, all pay periods when each received any amount of overtime pay or pay for performing work during a meal period.

16. Identify by date all occasions when each employee identified in response to Interrogatory 15 above was advised or directed that s/he had a meal/break period and that s/he was not to perform work during the meal period, and identify all witnesses to any such direction or communication and documents that evidence any such communication or direction.

17. State all facts and identify all documents that support any contention that Plaintiff was not similarly situated to any other paralegal or legal assistant whom worked for the Defendant in the State of Delaware at any time for the three year period preceding the filing of the complaint to the present date.

18. State all facts and identify all documents that support any contention that Plaintiff was not subject to the same or similar pay policies as any other paralegal or legal assistant whom worked for the Defendant in the State of Delaware at any time for the three year period preceding the filing of the complaint to the present date.

19. Identify by date all occasions when each employee identified in response to Interrogatory15 above attended any training, conference, seminar or any work-related or work-directed event or function (including the performance of customer service work) during a week-end or after 5:00 p.m. at any time during the three year period preceding the filing of the Complaint to the present date, and identify all document that evidence such action or attendance by each employee.

20. Identify by date all occasions when each employee identified in response to Interrogatory 15 above was  instructed how to complete a record of time and/or hours worked, , and identify all witnesses to any such direction or communication and documents that evidence any such communication or direction.

*/s/ Donald L. Gouge, Jr. #2234*
DONALD L. GOUGE, JR. (#2234)
800 N. King Street, Suite 303
Wilmington, DE  19801
(302) 658-1800x2
Attorney for plaintiff

DATED:   November 20, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRIC OF DELAWARE

| | | |
|---|---|---|
| WILLIAM WERSINGER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-262(GMS) |
| | ) | |
| BANK OF AMERICA CORPORATION, | ) | JURY TRIAL REQUSTED |
|     Defendant. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a copy of the plaintiff's first set of interrogatories and request for production was sent via Pacer electronic filing and by hand on the following:

    Sheldon N. Sandler, Esquire   (HAND)
    Scott A. Holt, Esquire
    1000 West Street, 17th Floor
    Wilmington, DE  19801

                                                  */s/ Donald L. Gouge, Jr. #2234*
                                                  DONALD L. GOUGE, JR. (#2234)
                                                  800 N. King Street, Suite 303
                                                  Wilmington, DE  19801
                                                  (302) 658-1800x2
                                                  Attorney for plaintiff

DATED:  November 20, 2007