IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **William Wersinger** | * |
| **Plaintiff** | * |
| | * |
| v. | *   C.A. 07-262-GMS |
| | * |
| **Bank of America Corporation** | * |
| **Defendant** | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, pursuant to Fed. R. Civ. P. 34, and Local Rule 26.1, by undersigned attorneys, requests that Plaintiff responds to this Request within the time prescribed by the Federal Rules of Civil Procedure, and produce the following documents for inspection and copying at the law office of the Plaintiff's undersigned attorneys.

### INSTRUCTIONS

1. If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2. Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

   A. If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 9(c)(ii)(b), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

   B. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to

each document and, in addition to the information requested in ¶2.A, above, please state the reason for withholding the document.

3. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4. With respect to any of the documents or items of property requested, should any such document or item of property be presently unavailable and/or if any such document or property is not presently in Plaintiff's possession, please identify each such document and item of property, including: (a) the type or character of the document or property (e.g., letter, memorandum, signed statement, notes, etc.); (b) the title, if any, of the document or property; (c) the name and address of the addressee of the document or property; (d) the names and addresses of all recipients of copies of the document or property; (e) all information contained in each such document or property; (f) the date and circumstances under which each such document or property ceased to be in Plaintiff's possession; (g) the reasons each such document or property was caused to, or happened to, cease to be in Plaintiff's possession; (h) the time period during which each such document or property was maintained; (i) the location of each such document or property; and (j) the person or persons from whom each such document may be obtained, and having knowledge of such document or property (and state the substance of such knowledge) and of the circumstances under which each such document or property ceased to be in the Plaintiff's possession, including their full name, present or last known business and home addresses (including street number, apartment number, city, state, and zip code), and business and home telephone numbers.

5. If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

6. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

**DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms are to be interpreted in accordance with these definitions:

1. *Communication:* The term "communication" means the transmittal of information by any means.
2. *Concerning:* The term "concerning" means relating to, referring to, describing, evidencing, or constituting.
3. *Document:* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing". Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document". The terms "writings", "recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. **A draft or non-identical copy is a separate document within the meaning of the term "document". The term "document" encompasses all materials maintained or stored electronically or in computers or in other data retention methods.**
4. *Occurrence/Transaction:* The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).
5. *Parties:* The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as, a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

6. *Person:* The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

7. *You/Your:* The terms "you" or "your" include the person(s) to whom this Request is addressed, and all of that person's agents, representatives and attorneys.

8. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

9. "Or" is used in the inclusive sense. If, for example, a request calls for all documents which indicate A or B, all documents which indicate A and all documents which indicate B should be produced, as well as all documents that indicate both A and B. In other words, the word "or" may be read as "and/or." "Any" and "every" are also used in the inclusive sense. That is, "any" may be read as "any and all," and "every" may be read as "every and all."

10. *"Defendant"* includes and refers to the named Defendant and the predecessor entity that employed Plaintiff, which was MBNA America Bank, N.A.

## DOCUMENT REQUESTS

1. Plaintiff's complete personnel file materials, including but not limited to front and back covers, evaluations, appraisals, position descriptions, discipline, counseling, etc.

2. All documents that show, evidence or contain information relating to the days and/or hours worked by Plaintiff and all other paralegals and legal assistants for the three year period preceding the filing of the Complaint in this matter, including but not limited to time records/sheets, pay records, "sign-in/sign-out" documents, attendance documents, and electronically maintained data such as "swipe-in and swipe out" data records.

3. All documents evidencing or relating or referring to any study, inquiry, investigation, audit of Defendant's compliance and/or noncompliance with wage-hour laws and/or overtime laws, including but not limited to legal opinions, findings or determination of any state or federal enforcement agency.

4. All employment policies, rules, directives, posters and/or guidelines implemented or revised during the three year period preceding the filing of the Complaint that in any way relates or refers to compliance with wage-hour laws and/or payment of overtime.

5. All written or otherwise documented complaints (legal, administrative and internal) from any person, entity, lawyer or agency alleging a failure to pay overtime wages and/or failure to pay wages for all hours worked, from 2001 to the present.

6. All documents that evidence or relate or refer to Defendant's custom, practice, policy or rule asking or directing employees in one position to work in another position, that was applied to Plaintiff and all other similarly situated employees in the three years preceding the filing of the Complaint in this matter.

7. All documents that support or evidence any contention of the Defendant that Plaintiff, as a paralegal or legal assistant, was not entitled to receive overtime wages due to the nature of his job duties and responsibilities.

8. All documents that evidence or show or relate or refer to the job duties, responsibilities and/or requirements of all paralegals and legal assistants, including but not limited to job descriptions, job announcements, job advertisements, job postings, job evaluations and appraisals, for the three year period preceding the filing of the Complaint in this matter. (The scope of this request includes web-based communications.)

9. The complete personnel file materials (excluding all employee benefit and medical related information) for all paralegals and legal assistants employed at any time during the three-year period preceding the filing of the Complaint in this matter, including front and back covers, evaluations, appraisals, position descriptions, discipline, counseling, etc.

10. All documents that are not privileged that Defendant relies upon or intends to rely upon as a defense to Plaintiff's claims in this lawsuit.

11. All documents that Defendant contends evidences or shows that Plaintiff supervised employees and/or had the primary job duty of performing of work requiring advanced knowledge, defined as work which is predominantly intellectual in character and which includes work requiring the consistent exercise of discretion and judgment.

12. All documents (including but not limited interoffice memos, e-mails) that refers or relates to, or concerns any change in the pay policy for paralegals and legal assistants at any time during the three year period preceding the filing date of this lawsuit through present time.

13. All documents that support any contention that the Plaintiff's primary duty was the performance of office or non-manual work directly related to Defendant's management or general business operations or the Defendant's customers.

14. All documents that support any contention that the Plaintiff's primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

15. All documents that in any way support Defendant's specifically raised affirmative defense that "Plaintiff and all members of the purported class are exempt from the overtime and minimum wage requirements pursuant to Section 13(a)(1) of the FLSA and 29 C.F.R. Part 541," as stated in Affirmative Defense B of Defendant's Answer to the Amended Complaint.

16. All documents that in any way support Defendant's specifically raised affirmative defense that "[a]t all relevant times Defendant acted in good faith and had reasonable grounds for believing that its actions were not in violation of federal law," and that their "actions were not willful" as stated in Affirmative Defenses D and H of Defendant's Answer to the Amended Complaint.

17. All facts and identify all documents that in any way support Defendant's specifically raised affirmative defense that "Defendant is entitled to a setoff," as stated in Affirmative Defense F of Defendant's Answer to the Amended Complaint.

18. All facts and identify all documents that in any way support Defendant's specifically raised affirmative defense that "Plaintiff and all members of the purported class are estopped from asserting claims for more hours than reported on their time records," as stated in Affirmative Defense G of Defendant's Answer to the Amended Complaint.

19. All documents evidencing the work assignments and directives issued to paralegals and legal assistants for the three-year period preceding the filing of the Complaint to the present.

20. All documents that relate or refer to or evidence customer service work and services rendered by Plaintiff and other paralegals and legal assistants for the three-year period preceding the filing of the Complaint to the present, including but not limited to schedules, calendars, assignments, lists, work product, computer records, etc.

21. All documents relating or referring to off-site meetings, training, seminars and conferences attended by Plaintiff and/or other paralegals and legal assistants during the three-year period preceding the filing of the Complaint to the present. (The scope of this request includes agenda, presentations, and schedules.)

22. All documents identified in response to Plaintiff's interrogatories.

23. All documents shown or provided to the Plaintiff and all other paralegals and legal assistants whom worked for the Defendant in the State of Delaware which provided information as to their rights under the Fair Labor Standards Act or other applicable wage-hour laws and regulations.

> */s/ Donald L. Gouge, Jr. #2234*
> DONALD L. GOUGE, JR. (#2234)
> 800 N. King Street, Suite 303
> Wilmington, DE  19801
> (302) 658-1800x2
> Attorney for plaintiff

DATED:   November 20, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRIC OF DELAWARE

| | | |
|---|---|---|
| WILLIAM WERSINGER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-262(GMS) |
| | ) | |
| BANK OF AMERICA CORPORATION, | ) | JURY TRIAL REQUSTED |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I certify that a copy of the plaintiff's first set of interrogatories and request for production was sent via Pacer electronic filing and by hand on the following:

Sheldon N. Sandler, Esquire   (HAND)
Scott A. Holt, Esquire
1000 West Street, 17th Floor
Wilmington, DE  19801


*/s/ Donald L. Gouge, Jr. #2234*
DONALD L. GOUGE, JR. (#2234)
800 N. King Street, Suite 303
Wilmington, DE  19801
(302) 658-1800x2
Attorney for plaintiff

DATED:  November 20, 2007