IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM WERSINGER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BANK OF AMERICA CORPORATION, )<br>)<br>Defendant. ) | C.A. No. 07-262-GMS |

### SCHEDULING ORDER

This _____ day of _____, 2007, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on _____, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. The Court and the parties acknowledge the unique procedural mechanisms for management of a Fair Labor Standards Act ("FLSA") collective action such as the present action. Given those mechanisms, most of the deadlines and issues facing the parties after the Court's conditional certification decision are, by necessity, difficult to ascertain. Therefore, no trial dates, dispositive motion dates (for any certified collective group of plaintiffs), or other motion dates are set by this order (other than dates for plaintiff's motion for conditional certification and dispositive motions relating to the named plaintiff). Rather, the parties will have another Federal Rule of Civil Procedure 26(f) meet and confer meeting or teleconference within 75 days of the Court's conditional certification decision to address those matters and set those deadlines, at which time another Rule 26(f) report will be filed with the Court in anticipation of a second Rule 16 scheduling conference with the Court.

2. <u>Rule 26(a)(1) Initial Disclosure and E-Discovery Default Standard</u>. The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than November 16, 2007. The parties agree to address e-discovery issues, if any, on an *ad hoc* basis. Each party shall designate a contact person for electronic discovery issues ("e-discovery representative"), and the parties' e-discovery representatives shall meet and confer on electronic discovery issues as they arise.

3. <u>Joinder of other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before December 10, 2007. Opt-in claimants shall not fall under this provision.

4. <u>Discovery</u>

a. <u>Bifurcation</u>. The parties may engage in a preliminary stage of discovery relating to certification issues (with the caveat that certification related discovery may overlap with merits based discovery) ("Stage 1 discovery"). Defendant's discovery prior to FLSA conditional certification shall also be related to certification issues, except as to discovery directed at Plaintiff himself and depositions of Plaintiff's declarants, where it may include any subject matter. In the event the Court rules on conditional FLSA certification, after such ruling, the parties may engage in a final stage of discovery to encompass merits and damages issues generally ("Stage 2 discovery"). The parties agree that Plaintiff's bona fide Stage 1 discovery does not serve as a basis to argue that the Court should apply a "Stage 2" standard to the Court's conditional certification ruling. For efficient case management purposes, the Court will order a second Rule 26(f) meeting between the Parties to readdress all Rule 26(f) topics, to follow within 75 days of the Court's FLSA conditional certification ruling, with a new Rule 26(f) report to be submitted after that meeting. The Court also will order another pretrial conference within 90 days of the Court's ruling for case management purposes.

b.  <u>Limitation on Hours for Deposition Discovery</u>.  During Stage 1 discovery, each side is limited to a total of five (5) depositions upon oral examination.  Further discovery modifications and limits will be discussed at the Rule 26 meeting after the Court's ruling on the conditional certification motion.

c.  <u>Number of Interrogatories</u>.  Due to the nature of this matter, each party shall be permitted to serve 10 interrogatories in addition to those outlined in Fed. R. Civ. P. 33.

d.  <u>Discovery Cut Off</u>.  All Stage 1 discovery in this case shall be initiated so that it will be completed on or before February 28, 2008 (except that, to the extent Plaintiff submits declarations of witnesses in connection with a motion for conditional certification who have not previously been identified, Defendant reserves the right to take the depositions of any such witnesses after February 28 and the parties agree that there is good cause for same).  The Court encourages the parties to serve and respond to contention interrogatories early in the case; however, such discovery utilization shall not be used as a basis to limit or prevent any deposition.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

e.  <u>Discovery and Scheduling Matters</u>.  Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a joint, non-argumentative letter agenda not to exceed two (2) pages outlining the issue(s) in dispute.  A sample letter can be located on this court's website at www.ded.uscourts.gov.  Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a TWO PAGE LETTER,

exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than TWO PAGES. The party seeking relief may then file a reply letter of no more than TWO PAGES within three (3) days from the date of service of the answering letter.

5.      Confidential Information and Papers filed under Seal.  Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers. If, after making a diligent effort, the parties are unable to agree on the contents of the joint, proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 4(e).

6.      ADR Process.  To be discussed during the Rule 16 scheduling conference.

7.      Motion for Conditional Certification under FLSA.  Plaintiff shall file a motion for FLSA conditional certification on March 21, 2008.  Defendant's opposition brief is due on April 17, 2008, and Plaintiff's reply brief is due on April 28, 2008.

8.      Case Dispositive Motions.  All case dispositive motions or, alternatively, summary adjudication, directed to the named plaintiff only shall be filed and served no later than April 28, 2008.  Briefing will be presented pursuant to the court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

9.      Applications by Motion.  Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed,

via electronic means (CM/ECF).  Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

        10.    <u>FLSA Opt-in Period</u>.  In the event the Court grants Plaintiff's motion for conditional certification under the FLSA, there will be an opt-in period of 90 days (measured from the date of the Court's order granting conditional certification).  At the conclusion of the opt-in period, the parties will hold another Rule 26 conference of counsel to determine Stage 2 discovery parameters, motion deadlines, expert disclosure deadlines, and other topics enumerated in Rule 26.

        11.    <u>Scheduling</u>.  The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
UNITED STATES DISTRICT JUDGE