IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **William Wersinger** | * | |
|     **Plaintiff** | * | |
| **v.** | * | **C.A. 07-262-GMS** |
| | * | |
| **Bank of America Corporation** | * | |
|     **Defendant** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule 36, Plaintiff hereby submits this First Request for Admissions to Defendant.

Instructions

As to each matter on which an admission is requested, your response shall admit or deny the matter, shall specify an objection, or shall set forth in detail the reason why you cannot truthfully admit or deny it. You shall state the reasons for any objection. A denial shall fairly meet the substance of the requested admission and, when good faith requires that a party qualify an answer or deny only part of the matter on which an admission is requested, the party shall specify so much of it as is true and deny or qualify the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that, after reasonable inquiry, the information known or readily obtainable by you is insufficient to enable you to admit or deny. If you consider that a matter on which an admission is requested presents a genuine issue for trial, you may not, on that ground alone, object to the request, but you may deny the matter or set forth reasons for not being able to admit or deny it, subject to the provisions of the provisions of Rule 36. Originals of documents attached to the admissions will be made available for inspection at the office of Plaintiff's counsel, so that Defendant may not object on the basis that only copies of documents have been provided to it.

These Requests shall be deemed continuing and supplemental answers shall be required if you directly or indirectly obtain further information after your initial response as provided by Rule 26(e).

Definitions

In this Request for Admissions, the following definitions shall apply:

(a) "Document" should be read in the broadest sense possible and includes every tangible thing from which information can be obtained, perceived, reproduced, or communicated either directly or with the aid of a machine or a device, including, without limitation, any written, typed, printed or marked matter; any drawing, graph or chart; any photograph, movie, videotape or other filmed or reproduced matter; any recording, tape, disc, drum, cassette, computer data, e-mail, punch data or other data computation, however stored or recorded; and all copies of any of the foregoing by whatever means made.

(b) "Person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the state, an agency or political subdivision of the state, a court, and any other governmental entity.

(c) As used herein, the term "and" means "and/or." The term "or" means "and/or." The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used herein includes the feminine. The past tense of a verb used herein includes the present tense and the present tense includes the past tense.

(d) "Defendant" refers to the Defendant named in the Complaint and includes **predecessor entities**, **such as MBNA,** affiliated and related entities, agents, employees, representatives, officers, managers accountants, attorneys, or others acting on its behalf.

**Statements For Which Admission Is Sought**

1. Defendant Bank of America will be responsible for paying any monetary judgment that Plaintiff may obtain in this lawsuit.

2. Prior to May 2006, Defendant never advised Plaintiff in writing that he was not to work through lunch during the time period he was employed as a paralegal.

3. After May 2006, Defendant never advised Plaintiff in writing that he was not to work through lunch during the time period he was employed as a paralegal.

4. Defendant never advised Plaintiff in writing of his rights under the Fair Labor Standards Act and of the limitations period for filing a lawsuit under that federal law.

5. Defendant is subject to the Fair Labor Standards Act.

6. Defendant never has provided Plaintiff with any work rule, policy or directive that instructed to record when he worked through meal periods.

7. Defendant was aware prior to the lawsuit being filed that it was required to pay employees for working through meal periods.

8. Defendant was aware prior to the lawsuit being filed that it was required to pay overtime wages to non-exempt employees when such employees worked more than 40 hours in any workweek.

9. Defendant, around August 2006, advised Plaintiff orally that it started paying him on an hourly basis starting in May 2006.

10. Defendant did not pay overtime wages to any paralegals prior to May 2006.

11. Prior to May 2006, Defendant paid Plaintiff on a salary basis.

12. Prior to May 2006, Defendant paid all paralegals on a salary basis.

13. Plaintiff was subjected to the same pay policies as all other paralegals working when he worked as a paralegal.

14. Prior to May 2006, Plaintiff was required to perform customer service work for the Defendant.

15. When Plaintiff was required to perform customer service work prior to May 2006, he received no additional compensation for such work.

16. Prior to May 2006, Defendant required all paralegals working in Delaware to perform customer service work for which they did not receive additional compensation.

17. Defendant never obtained a legal opinion indicating that Defendant could pay Plaintiff on a salary basis when he was employed as a paralegal.

18. Defendant never obtained a legal opinion that Defendant did not have to pay Plaintiff overtime if he worked more than 40 hours in a workweek during the time period he was employed as a paralegal.

19. Defendant never obtained a legal opinion indicating that Defendant could pay its paralegals on a salary basis.

20. Defendant never obtained a legal opinion indicating that it did not have to pay paralegals overtime if they worked more than 40 hours in a workweek.

21. From at least July 2005 to November 2006, Plaintiff supported nine project attorneys working on Corporate Revenue Projects.

22. Defendant placed Plaintiff in a paralegal without Plaintiff then having a paralegal certificate from any entity or institution.

23. Plaintiff obtained a paralegal certificate in June 1990.

24. Defendant did not compensate Plaintiff when Plaintiff worked as a paralegal for hours worked when Plaintiff attended training, conferences or seminars during evening hours and during week-ends.

25. Plaintiff's primary job duty when we worked for the Defendant as a paralegal prior to November 2006 was to maintain disclosure templates and paragraphs of each credit card and consumer finance disclosure documents.

26. Plaintiff's personnel number prior to January 2006 was 000916.

27. Plaintiff's personnel number is 27641654.

28. Plaintiff maintained electronic and paper filing systems for corporate revenue projects.

29. Plaintiff maintained a Credit Card and Consumer Finance Change in Terms document library.

30. Plaintiff identified spelling and/or grammatical errors in disclosure documents to supervising attorneys.

31. Plaintiff, at the direction of the supervising attorney, communicated correction of spelling and/or grammatical errors to Corporate Operations and Fulfillment.

32. Plaintiff maintained the Attorney Projects Report.

33. All paralegals working in Delaware were reclassified to Band 6 in 2006 and became overtime-eligible employees.

34. Plaintiff's sole job responsibility when listening in on MBNA transition conference calls was to take notes of any legal questions for attorney response.

35. Plaintiff received MBNA transition conference call meeting schedulers from his manager.

36. Some of the MBNA transition conference calls occurred during early afternoon which required Plaintiff to work through his lunch.

37. Plaintiff performed all Telephone Access Customer Service in Newark, Delaware.

/s/ Donald L. Gouge, Jr. #2234
DONALD L. GOUGE, JR. (#2234)
800 N. King Street, Suite 303
Wilmington, DE  19801
(302) 658-1800x2
Attorney for plaintiff

DATED:   November 27, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRIC OF DELAWARE

| | |
|---|---|
| WILLIAM WERSINGER, )<br>    Plaintiff, )<br>)<br>v.  )<br>)<br>BANK OF AMERICA CORPORATION, )<br>    Defendant. ) | C.A. No. 07-262(GMS)<br><br>JURY TRIAL REQUSTED |

**CERTIFICATE OF SERVICE**

    I certify that a copy of the plaintiff's first set of interrogatories and request for production was sent via Pacer electronic filing and by hand on the following:

    Sheldon N. Sandler, Esquire   (HAND)
    Scott A. Holt, Esquire
    1000 West Street, 17th Floor
    Wilmington, DE  19801

                                      */s/ Donald L. Gouge, Jr. #2234*
                                      DONALD L. GOUGE, JR. (#2234)
                                      800 N. King Street, Suite 303
                                      Wilmington, DE  19801
                                      (302) 658-1800x2
                                      Attorney for plaintiff

DATED:  November 26, 2007