IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM WERSINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 07-262-GMS |
| ) | |
| BANK OF AMERICA CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**JOINT STATUS REPORT**

In accordance with the Court's Notice of Scheduling Conference, the parties hereby submit this joint status report addressing the conference's agenda items.

1. **Jurisdiction and Service**. The parties agree that the Court has subject matter and personal jurisdiction over all parties and no parties remain to be served.

2. **Substance of the Action**. The Plaintiff seeks unpaid wages for hours worked and overtime compensation individually and on behalf of a purported class of Bank of America employees under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.* Defendant denies that it violated the FLSA or that collective action status is appropriate. It also asserts various other affirmative defenses.

3. **Identification of Issues**.

   - Is the Plaintiff similarly situated with the purported possible collective action claimants?

   - Should the case be given conditional collective action status under the FLSA?

   - Was the Plaintiff improperly classified as exempt under the FLSA?

   - Was the Plaintiff not compensated for work performed during meal periods?

   - Was the Plaintiff not compensated for training time?

- If this case is conditionally recognized as a collective action, what are the provisions of the notice to issue to claimants to opt-in?

4. **Narrowing of Issues**. The parties submit that the management of a FLSA collective action requires unique procedural mechanisms. Given those mechanisms, most of the deadlines and issues facing the parties after the Court's conditional collective action decision are, by necessity, difficult to ascertain.

Thus, in accordance with the proposed scheduling order submitted to the Court (D.I.14), the parties have requested to bifurcate this case into two stages. The first stage primarily addresses whether the case should be conditionally certified as a collective action under the FLSA. The proposed scheduling order does not set any trial dates or dispositive motion dates, other than dates for plaintiff's motion for conditional certification and dispositive motions relating to the named plaintiff.

Following the Court's decision on the conditional certification issue, the parties will have another Federal Rule of Civil Procedure 26(f) meet and confer meeting or teleconference to address the second stage of this case. Subsequently, the parties will submit another Rule 26(f) report to the Court in anticipation of a second Rule 16 scheduling conference which will establish trial dates and dispositive motion dates (for any certified collective group of plaintiffs).

5. **Relief**. Plaintiff seeks unpaid overtime, liquidated damages (interest if liquidated damages are not awarded) and attorneys' fees and costs for commencing this action.

6. **Amendment of the Pleadings**. The parties will not be amending the pleadings.

7. **Joinder of the Parties**. The parties will not be joining other parties. Other claimants may opt-in through the collective action process if the case is conditionally certified.

DB02:6437751.1    061442.1002

8. **Discovery**.  The parties have exchanged initial disclosures and written discovery.  The joint discovery plan is set forth in the proposed scheduling order (D.I. 14).

9. **Estimated Trial Length**.  The parties will not be able to ascertain the trial length until the issue of class certification has been resolved.

10. **Jury Trial**.  A jury trial has been demanded by Plaintiff.

11. **Settlement**.  Defendant believes that it cannot engage in meaningful settlement discussions until the issue of collective action status has been resolved. Plaintiff has expressed an interest in early mediation of this matter before having to incur the expenses of deposition.

12. **Other Matters**.  None.

13. Counsel for the parties have conferred about each of the above matters.

 /s/ *Donald Gouge*  
Donald L. Gouge, Jr.  (I.D. No. 2234)  
Heiman, Gouge & Kaufman, LLP  
800 King Street  
Wilmington, Delaware 19801  
Telephone: (302) 658-1800  
Facsimile: (302) 658-1473  
Email:  dgouge@hgkde.com  

 /s/ *Stephen B. Lebau*  
Stephen B. Lebau, *Pro Hac Vice*  
LEBAU & NEUWORTH, LLC  
606 Baltimore Avenue – Suite 201  
Baltimore, Maryland 21204  
Telephone: (410) 296-3030  
Email:  sl@joblaws.net  

Attorneys for Plaintiff

 /s/ *Scott A. Holt*  
Sheldon N. Sandler (I.D. No. 245)  
Scott A. Holt (I.D. No. 3399)  
Young Conaway Stargatt & Taylor, LLP  
The Brandywine Building, 17th Floor  
1000 West Street  
Wilmington, Delaware 19801  
Telephone:  (302) 571-6673; 571-6623  
Facsimile: (302) 576-3330; 576-3299  
Email: ssandler@ycst.com; sholt@ycst.com  
Attorneys for Defendant

Dated:  December 14, 2007