IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM WERSINGER, | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 07-262-GMS |
| BANK OF AMERICA CORPORATION, | * | |
| Defendant. | * | |

*********************************************************************

### PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES

Plaintiff provides these Responses to Defendant's Interrogatories and states:

    (a.) The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes knowledge of the party's agents, representatives, and attorneys, unless privileged.

    (b.) The word usage and sentence structure is that of the attorney who in fact prepared these answers and language does not purport to be the exact language of the executing party.

### GENERAL OBJECTIONS

Plaintiff makes the following general objections to Defendant's Interrogatories, each of which is hereby incorporated into each particular response:

1. Plaintiff objects to the Interrogatories insofar as they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

2. Plaintiff objects to the Interrogatories insofar as they seek information that is protected from discovery by the attorney-client privilege and/or the work product doctrine or other privileges or immunities protecting confidential information from discovery. No such information will be provided.

1

3. Plaintiff objects to the Interrogatories insofar as they seek confidential or nonpublic proprietary business or financial information of Plaintiffs that is not in Plaintiffs' possession and has not been turned over in discovery.

4. Plaintiff objects to the Interrogatories insofar as they seek information already known or otherwise available to the Defendant or its representatives.

5. Plaintiff objects to the Interrogatories insofar as they call for him to do more than required by the Federal Rules of Civil Procedure, and to the extent that they are overly broad and unduly burdensome.

6. Plaintiff objects to the Interrogatories insofar as they are repetitive, moot or unclear.

7. Plaintiff objects to the Interrogatories insofar as they seek information that is more properly the subject of expert discovery.

8. Plaintiff objects to the Interrogatories insofar as they seek to require a narrative and detailed information that is more properly the subject of a deposition.

9. This Response is made without waiving (and expressly reserving) Plaintiff's right (a) to object on any ground to the use of the information set forth herein in any step or proceeding in this action or any other action, (b) to object on any ground to other information that involves or relates to the subject matter of the Interrogatories, and (c) to revise, correct, supplement, or clarify any responses set forth herein in at a later time.

10. Plaintiff does not hereby admit, adopt or acquiesce in any factual or legal contention, assertion, characterization or implication that is contained in the Interrogatories or Defendant's Answer to the Complaint.

11. The inadvertent production of privileged or otherwise protected information shall not be deemed to waive any privilege or protection with respect to that information or any other information.

## INTERROGATORIES & RESPONSES

**INTERROGATORY NO. 1**: Identify each putative class member or present or former employee of Bank of America with whom Plaintiff himself, or some representative of Plaintiff including but not limited to Plaintiff's current or former legal counsel, has communicated regarding this lawsuit and/or the claims and factual allegations stated in the Complaint.

**RESPONSE:** Sherise Sanders– former employee, Pam Lyman – current employee, Karen Raison – current employee, David Anderson – current employee.

**INTERROGATORY NO. 2:** Identify all persons who have, or may have, knowledge of any of the allegations in the Complaint and summarize the substance of each person's knowledge, including where such knowledge was obtained, whether such knowledge was discussed with or communicated to you, when such discussions or communications occurred, who participated in the discussions or communications and the substance of all discussions or communications.

**RESPONSE:** Sherise Sanders, former employee, has knowledge that Plaintiff filed a lawsuit seeking wages for hours worked which were not paid. Communication to Ms. Sanders by Plaintiff occurred in late August or early September and December of 2007. Ms. Sanders indicated that she would have interest in knowing the progress of the lawsuit. No further discussions have taken place.

Pam Lyman, current employee, has knowledge that Plaintiff filed a lawsuit seeking wages for hours worked which were not paid. Communication to Ms. Lyman by Plaintiff occurred in late April of 2007 and shortly after Plaintiff's lawsuit was filed. Ms. Lyman indicated that she would have interest in knowing the progress of the lawsuit and there was a very brief discussion of the relevant facts. No further discussions have taken place.

Karen Raison, current employee, has knowledge that Plaintiff filed a lawsuit seeking wages for hours worked which were not paid. Communication to Ms. Raison by Plaintiff occurred in late April of 2007 and a few times thereafter. Ms. Raison indicated that she would have interest in knowing the progress of the lawsuit. There have been brief discussions of the relevant facts.

David Anderson, current employee, has knowledge that Plaintiff filed a lawsuit seeking wages for hours worked which were not paid. Communication to Plaintiff by Mr. Anderson occurred in late July of 2007. Mr. Anderson indicated that he received a telephone from Human Resources and inquired if Plaintiff had any issues regarding his current work situation. No further discussions have taken place.

**INTERROGATORY NO. 3**: Identify all persons who have, or may have, knowledge or other information relating to any facts that support or refute any claim or defense in this case, and for each such person, state the following: name, last known home address and telephone number, last known employer, last known employer's address, and the general subject matter of each individual's knowledge or information.

**RESPONSE:**

A. <u>Plaintiff – see complaint for knowledge possessed.</u>

B. <u>Plaintiff's co-workers, paralegals and legal assistants</u> - – These individuals *may* possess knowledge of job duties and responsibilities, hours worked for which there was no pay, Defendant's pay policies, and Defendant's wage-hour violations.

    Gary Fitch, Paralegal – former employee, Pam Lyman, Paralegal – current employee, Tracey O'Connor, Office Administrator – former employee, Karen Raison, Paralegal – current employee, Stephanie Collingwood, Paralegal – former employee, Andrea Stevenson-Hardin, Paralegal – former employee, Claudia Roark, Paralegal – former employee, Sherise Sanders, Paralegal – former employee, Theresa Sedivec, Paralegal & Attorney – former employee, Erin Harrison, Paralegal – former employee, Jill Dolan, Paralegal – current employee, Janet Juliano, Paralegal – current employee, Linda Lappert, Paralegal – current employee

C. <u>Plaintiff's superiors</u> - These individuals *may* possess knowledge of job duties and responsibilities, hours worked for which there was no pay, Defendant's pay policies, and Defendant's wage-hour violations.

    Stacey McGinn, Esq. – former supervisor, current employee, Omar, McNeill, Esq. - former supervisor, current employee, Henry Moncure, III, Esq. - former supervisor, current employee, Timothy Naughton, Esq. - former supervisor, former employee, Michael Mullen, Esq. - former supervisor, former employee, David Hirt, Esq. - former supervisor, former employee, other attorneys for whom Plaintiff performed work

D. <u>Individuals with knowledge of no overtime pay for mandatory off-site meetings</u> – See individuals identified above.

E. <u>Individuals with knowledge of mandatory work in customer service for which there was no pay or overtime pay</u> - See individuals identified above, in addition, the following individuals *may* possess knowledge of this:

4

        Bruce Hammonds, John Cochran, Ric Struthers, Lance Weaver, Gregg Bacchieri, Louis Freeh, Andrew S. Civiletti, Esq., Amy Cohen, Esq., Dezzie Cole, Esq., Pearl Coleman, Admin. Assistant, Roberta Miller, Admin. Assistant, Michele Logsdon, Admin. Assistant, Kathleen Guzzetta, Esq., Brian Meyers, Esq., Michael J. Mullen, Esq., Amy Appleton-Ruth. Esq., Sharon Killheffer, Esq., Timothy Naughton, Esq.

F. <u>Reservation</u> – Plaintiff's ongoing investigation and the discovery conducted in this case may reveal other individuals with relevant knowledge. Plaintiff will supplement as required by the applicable Rules. Current and some former employees may fear retaliation if they are called to testify in this matter. Plaintiff is not aware if Defendant has advised employees that they cannot be retaliated against for exercising their right under the Fair Labor Standards Act.

      **INTERROGATORY NO. 4**: State the number of hours you worked on a weekly basis for Bank of America from May 15, 2004 to the present, including in the weekly computation a breakdown of the hours performed on each job duty.

**RESPONSE:** Plaintiff will try his best to answer this interrogatory; however, Defendant's pay policies and records (or lack of them) of hours worked make it difficult to respond completely to the question asked and with a precise and specific number. Defendant never instructed Plaintiff to keep a written record of his hours worked and apparently Defendant never maintained such records. Additionally, under the governing federal law, the Fair Labor Standards Act, it is the employer's responsibility to keep records of the hours worked by its employees whom should receive overtime pay.

With the above in mind, Plaintiff states as follows with respect to the time period from May 15, 2004 to November 3, 2006:

A. <u>Plaintiff's assigned worked hours</u> –Plaintiff generally was expected to be at work between 8:00 a.m. and 9:00 a.m. (Monday-Friday). Plaintiff generally ceased working at approximately 6:00 p.m. to leave to commute home. Defendant required its employees be punctual and on time for work, and discipline could result if employees were tardy or late for work or left work early. Plaintiff has never been disciplined or counseled by the Defendant for being late or leaving early.

B. <u>Meal/rest period</u> – Defendant did not provide a designated time when Plaintiff was to take a meal period during his work day. Defendant also did not record the infrequent occasions, when Plaintiff did take any significant amount of time off for any meal/rest period. Defendant also never instructed Plaintiff to record when he did and when he did not take a meal/rest period.

More often than not, Plaintiff did not taken any significant time off of work for lunch or a rest period. If he did, the length of the break was usually 15 minutes or less once a day.

5

Plaintiff usually brought his lunch to work and usually ate in his work area. It also was not unusual for Plaintiff to have to attend meetings or listen in on conference calls in early afternoons or other times that limited when he could take break.

C. Mandatory customer service work – Plaintiff was directed by his employer, the Defendant, to answer customer service telephone calls outside of his regular work hours. When he did this mandatory work, he was not paid for the hours worked when it occurred outside his regular hours of work. Starting sometime around 2005, Defendant would allow Plaintiff to take comp. time when he worked the late shift doing this mandatory customer service work. However, the Defendant never formally implemented a comp. time policy that provided for time off at the proper rate for overtime hours worked. In 2005, Defendant, in addition to the mandatory unpaid customer service work, also asked employees to come forward to occasionally perform tele-customer service. When this occurred and Plaintiff volunteered, Defendant did not pay him based on the proper overtime rate based on what should have been the correct hourly rate. Rather, Defendant just paid Plaintiff and others a flat hourly rate of $30.

D. Mandatory training & seminars – Plaintiff attended a mandatory MBNA Orientation Meeting on January 31, 2006, on a weekday workday which did not conclude until approximately 6:45 p.m. Plaintiff attended the mandatory Wilmington Town Hall meeting on July 18, 2006 on a weekday workday which did not conclude until approximately 6:00 p.m. In October 2006, Plaintiff attended mandatory work in Ashville, North Carolina and was not paid for approximately five hours of overtime work.

E. Working weekends – Plaintiff usually worked part of one weekend-day once a month at the office or at his home for between 3-4 hours.

F. Job duties – The following is a summary of the Plaintiff's core job duties broken down into general categories:

| Task item named by Def. | Actual Description | % Est., 45hr. workweek |
|---|---|---|
| Innovation and Efficiencies /Compliance and Control | Organize and maintain project files and electronic files; obtain rich text files of the credit card and consumer finance disclosure documents; condense WORD documents, prints, three-hole punch, bind and file disclosure documents; photocopy documents, collect change in terms statement inserts for electronic file; retrieve using templates marketing error resolution letters at request of attorney, contact and respond to Corporate Operations and Fulfillment at direction of attorney; notarize documents; notify attorneys and clients of meetings or meeting changes; attend Law Department meetings; perform assignments and gather data/information at directions of attorneys; routine word processing tasks; note-taker at meetings; take phone inquires and forward to attorney and respond to at direction of | 60 |

|  | attorney; take online education required employees, . |  |
|---|---|---|
| Expense Management | Assist attorneys by attending meetings, takes notes, updates and distributes reports. | 30 |
| Customer Satisfaction | Take customer service telephone calls and when possible, sells\ balance transfers, credit insurance, when directed; participate in group listening sessions. | 10 |

Starting in approximately March 2006, the Defendant changed its pay policies without any formal announcement. Defendant began paying Plaintiff and other paralegals on an hourly basis. Plaintiff did not learn about this until May 2006. At the time Defendant paid paralegals based on a 40-hour work-week, it still never paid them for working though meal/rest periods. Defendant never instructed paralegals to take a lunch or rest period, and never told them to record the hours worked. Plaintiff's superiors were aware that Plaintiff was regularly working more than 40 hours a week and without any meal period or rest period.

**INTERROGATORY NO. 5**: State the total number of overtime hours you claim you worked for Bank of America for which you claim you were not paid.

**RESPONSE:** *See* response to Interrogatory 4, immediately above which is fully incorporated herein. As stated, Plaintiff will make his best efforts to arrive at an average number of hours worked in a workweek and extrapolate from that the number of hours worked for the requested time period. Defendant is in sole possession of documents that would allow for a more precise calculation including the documents to show when Plaintiff was absent from work due to illness, vacation, etc. and when he "swiped-in" to work each day. Without such information, and without Defendant maintaining the required record of hours worked, Plaintiff is limited as to his calculation efforts and has to reserve the right and opportunity to change or modify this response if Defendant ever provides the information needed to provide a more precise number of hours worked.

May 15, 2004 to approximately November 3, 2006, is the period when Plaintiff was not paid for all hours worked and for overtime wages. This is a 129 week period. During this time period, a conservative estimate of the average hours worked by Plaintiff in a given week was approximately 45 hours (many times more, rarely less unless Plaintiff was absent from work for vacation or personal reasons) with a reduction factored in for holidays and vacations when overtime may not have been worked in a given week. Five hours per work over a 129 week period totals 645 hours.

**INTERROGATORY NO. 6**: Identify all sources of information relied upon by you in responding to Interrogatory No.5.

**RESPONSE:** Plaintiff's recollection, outlook calendar items, Defendant's documents.

7

**INTERROGATORY NO. 7**: For the hours claimed in response to Interrogatory No. 5, state as specifically as you are able the dates and times you worked these hours, whether by day, week, pay period, month, or other period.

**RESPONSE:** See responses to Interrogatories 4-6 above.

**INTERROGATORY NO. 8:** Identify all sources of information relied upon by you in responding to Interrogatory No. 7.

**RESPONSE:** See responses to Interrogatories 4-6 above.

**INTERROGATORY NO. 9**: If you maintained contemporaneous records of the dates and hours you worked for Bank of America during your employment with Bank of America, identify those records by description and location. If you no longer have access to such records, explain why.

**RESPONSE:** Plaintiff did not maintain "contemporaneous records of the dates and hours" worked. Defendant never instructed or directed or even suggested to the Plaintiff to maintain "contemporaneous records of the dates and hours" worked. Defendant had the legal duty to record and maintain the records of the hours worked for its employees, like Plaintiff, whom should have been paid overtime wages. Plaintiff's outlook calendar entries show when there were specifically designated times when Plaintiff attended meetings, conferences, etc.

**INTERROGATORY NO. 10**: Identify by name and last known location of each current and former employee of Bank of America whom you believe has been subjected to the alleged wrongful conduct outlined in the Complaint.

**RESPONSE:** Defendant is in the possession of the records and documents that contain all of the information responsive to this Interrogatory. Defendant possesses the information as to the identity of all employees whom were not paid for all hours worked. Plaintiff has requested that Defendant provide this information, and, therefore, Plaintiff will be able to respond fully only if Defendant complies with its discovery obligations.

With the above in mind, Plaintiff states that all paralegals and legal assistants employed by the Defendant were subjected to the same pay policies and were not paid overtime pay when working more than 40 hours in a workweek or paid for all hours worked when they did not have time to take a meal/rest break, when they were required to work early or work late, when they were required to attend seminars or training outside the normal work day, or when they were required to perform customer service work. The paralegals and legal assistants of whom Plaintiff is aware are: Gary Fitch, Paralegal – former employee, Pam Lyman, Paralegal – current employee, Karen Raison, Paralegal – current employee, Stephanie Collingwood, Paralegal – former employee, Andrea Stevenson-Hardin, Paralegal – former employee, Claudia Roark,

Paralegal – former employee, Sherise Sanders, Paralegal – former employee, Theresa Sedivec, Paralegal & Attorney – former employee, Erin Harrison, Paralegal – former employee, Jill Dolan, Paralegal – current employee, Janet Juliano, Paralegal- current employee, Linda Lappert, Paralegal – current employee.

> **INTERROGATORY NO. 11:** Identify the damages or other relief you request in the lawsuit, all facts and documents that relate to or support such request, the precise total amount of damages sought as of the date of these Interrogatories, and all calculations underlying such requests.

**RESPONSE:** See responses above. Plaintiff seeks overtime wages and liquidated damages, attorney fees and costs. Plaintiff believes that his hourly rate from May 15, 2004 through December 2004 (33 weeks, 5hrs per/wk – 165 hours) was approximately $32.08 (overtime rate of $48.12), and his hourly rate from January 2005 to November 3, 2006 (96 weeks, 5 hrs per/wk – 480 hours) was $33.36 (overtime rate of $50.04).

```
48.12 x 165hrs =      7,939.80
50.04 x 480hrs =     24,019.20
                     31,959.00 x 2= 63,918.00
```

In addition, Plaintiff, in 2005 worked approximately 32.25 hours in tele-customer service work when he got paid just the flat hourly rate of $30. At the correct overtime rate of $50.04, Plaintiff should have received $1,613.79. He was only paid $967.50. The difference and amount owing to Plaintiff is $646.29. With liquidated damages, that amount is $1292.58.

Plaintiff also seeks attorney fees and costs.

> **INTERROGATORY NO. 12:** Identify each person who has been retained by Plaintiff as an expert or consultant in anticipation of litigation or preparation for trial and who Plaintiff expects to or may rely upon or call to testify as an expert witness, and for each such expert witness, state or identify the subject matter upon which the expert is expected to testify, the substance of the facts and opinions as to which the expert is expected to testify, the grounds upon which each opinion is based, all documents and/or data used or relied upon in the preparation of the expert's testimony for trial, and all other documents and/or data reviewed and/or considered by the expert in the course of forming opinions.

**RESPONSE:** None at this time

> **INTERROGATORY NO. 13:** Identify each and every specific fact, document, or communication (whether oral or written) upon which you base, or that relates to, your allegation in Paragraph 29 of the Complaint that "[o]n most days, Plaintiff performed substantial work duties on behalf of and for the benefit of Defendant during his meal periods."

9

**RESPONSE:** *See* responses 4-6.

**INTERROGATORY NO. 14:** Identify each and every specific fact, document, or communication (whether oral or written) upon which you base, or that relates to, your allegation in Paragraph 31 of the Complaint that "Plaintiff was required to work at least six hours per month performing non-exempt work in the customer service area."

**RESPONSE:** See response 4 above. Also, Defendant regularly issued written documents to employees asking them to sign up for the mandatory customer service work.

**INTERROGATORY NO. 15:** Identify each and every specific fact, document, or communication (whether oral or written) upon which you base, or that relates to, your allegation in Paragraph 34 of the Complaint that "Plaintiff was not properly compensated and not compensated for all hours worked for required work performed during at least one mandatory off-site Company sponsored event."

**RESPONSE:** See responses above.

**INTERROGATORY NO. 16:** Identify each and every specific fact, document, or communication (whether oral or written) upon which you base, or that relates to, your allegation in Paragraph 38 of the Complaint that "Defendant's unlawful pay practices adversely affected numerous other employees besides Plaintiff."

**RESPONSE:** See responses above for facts showing the Defendant's pay policies extended across the board to all paralegals.

**INTERROGATORY NO. 17:** Identify each and every specific fact, document, or communication (whether oral or written) upon which you base, or that relates to, your allegation in Paragraph 39 of the Complaint that the "Defendant's violations that have harmed other employees also were willful and accomplished with Defendant's knowledge that its conduct was unlawful."

**RESPONSE:** See responses above. In addition, Plaintiff believes that Defendant did not obtain any legal opinion or advice that it was complying with the FLSA with respect to how it paid paralegals and legal assistants. Defendant also did not advise Plaintiffs and similarly situated employees that they were entitled to receive overtime wages and pay for all hours worked. Defendant also never advised Plaintiff and other similarly situated employees that there was a limitations period that applied that could limit the monetary relief he could recover for not being paid properly by the Defendant. Employees had complained about working hours and not being paid for it. Defendant did not change its policies. Defendant's focus was on getting work done and not paying their employees for it.

**INTERROGATORY NO. 18:** Identify each person who has provided, has committed to provide, or will be asked to provide, an affidavit, declaration, or other written sworn (or affirmed) statement to be relied upon, referenced, or otherwise utilized in this lawsuit), and identify any such declarations or affidavits.

**RESPONSE:** Plaintiff objects to this Interrogatory to the extent that it seeks information protected from discovery by the work product doctrine. Subject to and without waiving this objection, Plaintiff states that he possesses no affidavits and does not know whom at some later date may be asked to provide an affidavit.

Respectfully submitted,

*/s/ Donald L. Gouge, Jr.*
Donald L. Gouge, Jr. (I.D. No, 2234)
Heiman, Gouge & Kaufman, LLC
800 King Street
Wilmington, Delaware 19801
Telephone: 302.658.1800
Facsimile: 302.658.1473
Email: dgouge@hgdke.com

Stephen B. Lebau, *Pro Hac Vice*
Lebau & Neoworth, LLC
606 Baltimore Avenue – 201
Baltimore, Maryland 21204
Telephone: 410.296.3030
Facsimile: 410.296.8660
Email: sl@joblaws.net

Attorneys for Plaintiff

12/26/07.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRIC OF DELAWARE

| | |
|---|---|
| WILLIAM WERSINGER, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BANK OF AMERICA CORPORATION, )<br>    Defendant. ) | C.A. No. 07-262(GMS)<br><br>JURY TRIAL REQUSTED |

**CERTIFICATE OF SERVICE**

    I certify that a copy of the plaintiff's responses to defendant's first set of interrogatories and request for production was sent via Pacer electronic filing and by hand on the following:

    Sheldon N. Sandler, Esquire   (HAND)
    Scott A. Holt, Esquire
    1000 West Street, 17th Floor
    Wilmington, DE  19801

                                          */s/ Donald L. Gouge, Jr. #2234*
                                          DONALD L. GOUGE, JR. (#2234)
                                          800 N. King Street, Suite 303
                                          Wilmington, DE  19801
                                          (302) 658-1800x2
                                          Attorney for plaintiff

DATED:   December 26, 2007