IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **WILLIAM WERSINGER,** | * |
|     **Plaintiff,** | * |
| v. | *   C.A. No. 07-262-GMS |
| **BANK OF AMERICA CORPORATION,** | * |
|     **Defendant.** | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs respond as follows to Defendant's Requests for Production of Documents.

GENERAL OBJECTIONS

The following General Objections apply to each individual Request for Production and shall have the same force and effect as if set forth in full in response to each such document request:

1.    Plaintiff objects to Defendant's instructions and definitions to the extent: (a) they seek to change, expand, or enlarge Plaintiff's obligations under the discovery rules; (b) they alter and, therefore, obscure the plain and specific meaning of any words that appear in the document requests; and (c) a literal application of the instructions and definitions to the document requests unduly expands the scope of each inquiry to include information irrelevant to this lawsuit. Therefore, to the extent that responses are provided, Plaintiff will respond to each document request according to the ordinary and generally accepted definitions of the words used without regard to Defendant's instructions and definitions, and in accordance with the obligations imposed by the Federal Rules of Civil Procedure and relevant case law.

1

2. Plaintiff objects to any document request that seeks: (a) information prepared in anticipation of litigation or for trial; (b) information protected by the attorney-client privilege, work-product doctrine, the common-interest doctrine, or any other applicable privileges; (c) information pertaining to any periods of time that are irrelevant to the issues or claims in this lawsuit; (d) disclosure of counsel's mental impressions, conclusions, opinions, or legal theories; (e) information that is in any way duplicative, overbroad, annoying, oppressive, or unduly burdensome; (f) information that is obtainable from some other source (*i.e.*, as a matter of public record) that is more convenient, less burdensome, less expensive, and as easily accessible and available to Defendant; or (g) information that is otherwise beyond the scope of discovery under the Federal Rules of Civil Procedure.

3. Plaintiff objects to Defendant's document requests to the extent that they seek information or documents not within Plaintiffs' possession, custody, control, or knowledge.

## REQUESTS & RESPONSES

**REQUEST 1**: All documents identified in, consulted in answering, or relating to Plaintiff's responses to Bank of America's First Set of Interrogatories to Plaintiff.

**RESPONSE:** All such documents, except those protected by the attorney client privilege, shall be produced.

**REQUEST 2**: All documents relating to any of the claims asserted in the Complaint.

**RESPONSE:** All such documents, except those protected by the attorney client privilege, shall be produced.

**REQUEST 3**: All documents relating to any communications of any potential witness to the events described or claims asserted in the complaint.

**RESPONSE:** None

> **REQUEST 4**: All documents relating to any communications by Plaintiff concerning his allegations against Bank of America.

**RESPONSE:** All such documents, except those protected by the attorney client privilege, shall be produced.

> **REQUEST 5**: All documents that relate to or reflect the job duties of Bank of America "paralegals," "legal assistants" or "legal support staff."

**RESPONSE:** All such documents, except those protected by the attorney client privilege, shall be produced, to the extent they are in the custody, control of possession of the Plaintiff. Defendant likely has additional responsive documents that are not in Plaintiff's possession, custody or control.

> **REQUEST 6**: All documents that relate to or reflect the job duties of Plaintiff while employed by Bank of America.

**RESPONSE:** All such documents, except those protected by the attorney client privilege, shall be produced, to the extent they are in the custody, control of possession of the Plaintiff. Defendant likely has additional responsive documents that are not in Plaintiff's possession, custody or control.

> **REQUEST 7**: All documents that relate to or reflect the number of hours Plaintiff worked while employed by Bank of America from May 1, 2004 until the present.

**RESPONSE**: All such documents, except those protected by the attorney client privilege, shall be produced, to the extent they are in the custody, control of possession of the Plaintiff. Defendant likely has additional responsive documents that are not in Plaintiff's possession, custody or control.

> **REQUEST 8**: All documents that relate to or reflect the number of hours worked by any putative class member while employed by Bank of America from May 1, 2004 until the present.

**RESPONSE:** Other than the documents being produced in this document production, Plaintiff has no other documents responsive to this document request. Defendant is in possession of documents reflecting the number of hours worked by other paralegals and/or legal assistants.

> **REQUEST 9**: All documents, including but not limited to, daily planners, datebooks, calendars, diaries, notes, e-mail communications, training

> materials, tape recordings, videotapes, computerized calendars, or memo pads, authored, edited, modified, received or maintained by Plaintiff during his employment at Bank of America.

**RESPONSE:** All such documents, except those protected by the attorney client privilege, shall be produced, to the extent they are in the custody, control of possession of the Plaintiff. Defendant likely has additional responsive documents that are not in Plaintiff's possession, custody or control.

> **REQUEST 10**: All documents that relate to Plaintiff's education and job related training with Bank of America, including without limitation resumes, training summaries, and transcripts.

**RESPONSE:** All such documents, except those protected by the attorney client privilege, shall be produced, to the extent they are in the custody, control of possession of the Plaintiff. Defendant likely has additional responsive documents that are not in Plaintiff's possession, custody or control.

> **REQUEST 11**: All documents relating to any relief sought or damages, injuries, or losses Plaintiff claims that he or any putative class member suffered in connection with this action, including but not limited to documents prepared by any expert regarding damages.

**RESPONSE**: All such documents, except those protected by the attorney client privilege, shall be produced, to the extent they are in the custody, control of possession of the Plaintiff. Defendant likely has additional responsive documents that are not in Plaintiff's possession, custody or control.

> **REQUEST 12**: All documents sent to, prepared by, received from, considered by or reviewed by any individual retained by Plaintiff as an expert or consulted in anticipation of litigation or preparation for trial and who Plaintiff expects to, or may rely upon, or call to testify as an expert witness.

**RESPONSE:** None at this time.

> **REQUEST 13**: All documents that relate to Plaintiff's allegations in Paragraph 24 of the Complaint that Plaintiff was employed in a non-exempt position from November 1989 until November 2006 with Defendant.

**RESPONSE:** All such documents, except those protected by the attorney client privilege, shall be produced, to the extent they are in the custody, control of possession of the Plaintiff. Defendant likely has additional responsive documents that are not in Plaintiff's possession, custody or control.

**REQUEST 14:** All documents that relate to Plaintiff's allegations in Paragraph 32 of the Complaint that "numerous other employees had to work in non-exempt positions other than their regular position and were not paid for it just like Plaintiff."

**RESPONSE:** All such documents, except those protected by the attorney client privilege, shall be produced, to the extent they are in the custody, control of possession of the Plaintiff. Defendant likely has additional responsive documents that are not in Plaintiff's possession, custody or control.

_____
Donald L. Gouge, Jr. (I.D. No, 2234)
Heiman, Gouge & Kaufman, LLC
800 King Street
Wilmington, Delaware 19801
Telephone: 302.658.1800
Facsimile: 302.658.1473
Email: dgouge@hgdke.com

_____
Stephen B. Lebau, *Pro Hac Vice*
Lebau & Neoworth, LLC
606 Baltimore Avenue – 201
Baltimore, Maryland 21204
Telephone: 410.296.3030
Facsimile: 410.296.8660
Email: sl@joblaws.net

Attorneys for Plaintiff

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRIC OF DELAWARE

| | | |
|---|---|---|
| WILLIAM WERSINGER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-262(GMS) |
| | ) | |
| BANK OF AMERICA CORPORATION, | ) | JURY TRIAL REQUSTED |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

    I certify that a copy of the plaintiff's responses to defendant's first set of interrogatories and request for production was sent via Pacer electronic filing and by hand on the following:

Sheldon N. Sandler, Esquire   (HAND)
Scott A. Holt, Esquire
1000 West Street, 17th Floor
Wilmington, DE  19801

*/s/ Donald L. Gouge, Jr. #2234*
DONALD L. GOUGE, JR. (#2234)
800 N. King Street, Suite 303
Wilmington, DE  19801
(302) 658-1800x2
Attorney for plaintiff

DATED:  December 26, 2007