**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **William Wersinger** | * | |
|     **Plaintiff** | * | |
| | * | |
| v. | * | C.A. 07-262-GMS |
| | * | |
| **Bank of America Corporation** | * | |
|     **Defendant** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**TO DEFENDANT BANK OF AMERICA CORPORATION**

**To: Defendant Bank of America Corporation ["Defendant"]**

**From: Plaintiff William Wersinger ["Plaintiff"]**

    Pursuant to the provisions of Rule 33 of the Federal Rules of Civil Procedure, and Local Rule 26.1, Plaintiff, by and through undersigned counsel, requests that Defendant answer the following Interrogatories within the time period required by the Federal Rules of Civil Procedure.

**INTRODUCTION AND INSTRUCTIONS**

    These Interrogatories are continuing in character, to the full extent permitted by the Federal Rules of Civil Procedure, and require you to file supplemental answers if further, other, or different information is obtained prior to trial. These Interrogatories seek all information that is known to Defendant and Defendant's counsel, representatives, agents, servants, employees, consultants, or investigators and, unless otherwise privileged, her counsel, employees, representatives, agents, servants, investigators or consultants.

    1. These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible of a construction

which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

    2. These Interrogatories are continuing in character, so as to require that supplemental answers be filed reasonably if further or different information is obtained with respect to any interrogatory.

    3. No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

    4. In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

> A. In asserting the privilege, the responding party shall, in the objection to the interrogatory or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;
>
> B. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,
>
> (1) For oral communications:
>
>     a. the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;
>
>     b. the date and place of the communication; and
>
>     c. the general subject matter of the communication.
>
> (2) For documents:
>
>     a. the type of document,
>
>     b. the general subject matter of the document,
>
>     c. the date of the document, and
>
>     d. such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not

apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5. If the responding party elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

6. If, in answering these interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. *Concerning:* The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

2. *Communication:* The term "communication" means the transmittal of information by any means.

3. *Document*: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing". Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document." The terms "writings", "recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document." The term "document" also encompasses the definition of that term as set forth in Plaintiff's First Request for Production of Documents.

4. *Identify (with respect to persons):* When referring to a person, to "identify" means to state the person's full name, present or last known home and business addresses and telephone numbers, and present or last known place of employment. Once a person has been identified in

accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

     5. *Identify (with respect to documents):* When referring to documents, to "identify" means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

     6. *Occurrence/Transaction:* The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

     7. *Parties:* The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, Interconnect operating Board of Directors, employees and predecessors. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

     8. *Person:* The term "person" is defined as any natural person or any business, legal or governmental entity or association.

     9. *You/your:* The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, predecessors, attorneys, representatives, and Interconnect operating Board of Directors.

     10. *"Defendant"* includes and refers to the named Defendant and the predecessor entity that employed Plaintiff, which was MBNA America Bank, N.A.

     11. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "many" means "any and A." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

## **INTERROGATORIES**

21. State all facts and identify all documents that support Defendant's contention that Plaintiff supervised Todd Windsor.

22. State all facts and identify all documents that support any and all of the denials asserted in response to Plaintiff's request for admissions 2-4, 25, 31, 34, 35.

                                                    */s/ Donald L. Gouge, Jr. #2234*
                                                    DONALD L. GOUGE, JR. (#2234)
                                                    800 N. King Street, Suite 303
                                                    Wilmington, DE  19801
                                                    (302) 658-1800x2
                                                    Attorney for plaintiff

DATED:   January 8, 2008

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRIC OF DELAWARE

| | | |
|---|---|---|
| WILLIAM WERSINGER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-262(GMS) |
| | ) | |
| BANK OF AMERICA CORPORATION, | ) | JURY TRIAL REQUSTED |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I certify that a copy of the plaintiff's second set of interrogatories was sent via Pacer electronic filing and by hand on the following:

Sheldon N. Sandler, Esquire   (HAND)
Scott A. Holt, Esquire
1000 West Street, 17th Floor
Wilmington, DE  19801

*/s/ Donald L. Gouge, Jr. #2234*
DONALD L. GOUGE, JR. (#2234)
800 N. King Street, Suite 303
Wilmington, DE  19801
(302) 658-1800x2
Attorney for plaintiff

DATED:  January 8, 2008